UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPRESSOR ENGINEERING
CORPORATION,

       Plaintiff,                            Civil Action No.
                                               10-CV-10059
vs.
                                               PAUL D. BORMAN
CHICKEN SHACK, INC., et al.,            UNITED STATES DISTRICT JUDGE

       Defendants.
_____/

**OPINION AND ORDER OF DISMISSAL FOR
LACK OF SUBJECT MATTER JURISDICTION**

**I.**

This case is brought under the Telephone Consumer Protection Act ("TCPA"). Plaintiff Compressor Engineering Corporation, on behalf of itself and those similarly situated, claims that Defendants Chicken Shack, Inc., Chicken Shack Depot, Inc., and Charles J. Thomas, Jr., the owner of at least one of the aforementioned corporations, sent it a "junk fax." On February 15, 2010, Defendant Thomas filed a Motion to Dismiss, contending that (1) the Court lacks subject matter jurisdiction over this matter, (2) the action is barred by the applicable statute of limitations, and (3) Plaintiff is not an appropriate class representative. Pursuant to E.D. Mich. LR 7.1(e)(2), the Court finds that oral argument is unnecessary.

**II.**

On April 7, 2010, Plaintiff filed a Motion to Amend its Complaint. The Court referred the motion to Magistrate Judge Virginia M. Morgan. Magistrate Judge Morgan held a hearing on the

1

motion and, on May 21, 2010, issued an order denying it.

In her May 21, 2010, order, Magistrate Judge Morgan determined that amendment of the Complaint would be futile because the Court likely lacks subject matter jurisdiction over this case:

> In this case, Defendants argue that the amendment would be futile. The court agrees.
>
> The TCPA prohibits the use of "any telephone facsimile machine, computer, or other device to send an unsoliciated advertisement to a telephone facsimile machine[.]" 47 U.S.C. § 227(b)(1)(C). For violations of this provision, the Act allows for a private right of action in state court:
>
>> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-
>> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>> (C) both such actions.
>
> 47 U.S.C. § 227(b)(3).
>
> Although the majority of the circuit courts have held that the TCPA does not create federal question jurisdiction, the Sixth Circuit has never directly decided the question in a published opinion. *See e.g., Murphey v. Lanier*, 204 F.3d 911 (9th Cir. 2000); *Foxhall Realty Law Offices, Inc. v. Telecomms. Premium Servs., Ltd.,* 156 F.3d 432 (2d Cir. 1998); *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513 (3d Cir. 1998); *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287 (11th Cir. 1998); *Int'l Science & Tech. Inst., Inc. v. Inacom Communications, Inc.*, 106 F.3d 1146 (4th Cir. 1997); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507 (5th Cir. 1997). In dicta, the Sixth Circuit has alternatively commented that it is "well-settled" that federal-question jurisdiction does not exist under TCPA, *Dun-Rite Const., Inc. v. Amazing Tickets, Inc.*, No. 04-3216, 2004 WL 3239533 *2 (6th Cir. Dec. 16, 2004), and, more recently, that the Seventh Circuit's decision in *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (2005) and the dissent in *ErieNet*, 156 F. 3d at 521, "raise serious questions about the majority view." *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 627 n.2 (6th Cir. 2009).

> Nonetheless, all courts in this district . . . have joined the majority view and decided that federal courts do not have federal question jurisdiction over TCPA lawsuits. *Bridging Communities, Inc. v. Top Flight Financial, Inc.*, No. 09-14971, 2010 WL 1790357 (E.D. Mich. May 3, 2010) (Zatkoff, J.); *Machesney v. Lar-Bev of Howell*, No. 10-10085, 2010 WL 821932 (E.D. Mich. March 4, 2010) (Cox, J.); *APB Associates, Inc. v. Bronco's Saloon, Inc.*, No. 09-14959, 2010 WL 822195 (E.D. Mich. March 4, 2010) (Cox, J.)
>
> Based on the majority opinion from the other circuit courts, the fact that the Sixth Circuit has not provided clear guidance on this issue, and the decisions from the courts in this district, the court concludes that allowing Plaintiff to amend the complaint would be futile because federal question subject matter jurisdiction does not exist in this case and Plaintiff did not plead an alternative basis for jurisdiction. It is likely, therefore, that Plaintiff's complaint, even as amended, would be dismissed.

May 21, 2010, Order of Magistrate Judge Morgan, at 2-3 (footnote omitted).

## III.

Fed. R. Civ. P. 72(a), governing objections to non-dispositive matters decided by a magistrate judge, reads:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Here, Plaintiff did not object to Magistrate Judge Morgan's May 21, 2010, order denying its motion to amend the complaint as futile, and the 14-day period of time to do so has long expired. Thus, Plaintiff "may not assign as error a defect in the order." Fed. R. Civ. P. 72(a).

## IV.

Notwithstanding Plaintiff's failure to file an objection, the Court has conducted a thorough, *de novo* review of the Magistrate Judge's May 21, 2010, order and the cases cited therein. Having

3

done so, the Court notes the following:

- The Second, Third, Fifth, Ninth, and Eleventh Circuits have determined that federal courts lack federal question jurisdiction over private TCPA claims. *Murphey v. Lanier*, 204 F.3d 911, 915 (9th Cir. 2000); *Foxhall Realty Law Offices, Inc. v. Telecomms. Premium Servs., Ltd.*, 156 F.3d 432, 435 (2d Cir. 1998); *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 520 (3d Cir. 1998); *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287, 1287-1288 (11th Cir. 1998), modified by 140 F.3d 898 (11th Cir. 1998); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 510 (5th Cir. 1997).

- The Seventh Circuit, on the other hand, has concluded that federal courts have federal question jurisdiction over private TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005).

- The Sixth Circuit has not yet decided the issue. However, in a pre-*Brill*, unpublished case, the Sixth Circuit wrote: "state courts' maintenance of exclusive jurisdiction over private rights of action under the TCPA and federal courts' concomitant lack of jurisdiction to hear such private claims are well-settled." *Dun-Rite Constr. v. Amazing Tickets, Inc.*, No. 04-3216, 2004 WL 3239533, *2 (Dec. 16, 2004) (unpublished). In another case, decided after *Brill*, the Sixth Circuit noted in a footnote:

    > We note that the existence or non-existence of federal-question jurisdiction over private TCPA claims is not a settled question. Although six federal circuit courts have concluded that federal courts do not have federal-question jurisdiction over private TCPA claims, a decision from the Seventh Circuit [*Brill*] and then-Judge Alito's dissent from a Third Circuit opinion [*ErieNet*] raise serious questions about the majority view.

    *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 627 n.2 (6th Cir. 2009). However, the *Charvat* court declined to decide the issue because the parties did not challenge the district court's ruling that federal question jurisdiction over the private TCPA claims did not exist. *See id.*

- In a post-*Brill* case, the Second Circuit held that federal courts may exercise diversity jurisdiction over private TCPA actions, while leaving untouched its prior ruling in *Foxhall*, cited above, that federal courts lack federal question jurisdiction over private TCPA claims. *See Gottlieb v. Carnival Corp.*, 436 F.3d 335, 336 (2d Cir. 2006).

- Considering the split authority discussed above, three judges of this

4

district—in very recent, post-*Charvat* decisions—have declined to exercise federal question jurisdiction over private TCPA claims. *See Imhoff Inv., L.L.C. v. Alfoccino of Auburn Hills*, No. 10-CV-10221, 2010 WL 2772495, at *3 (E.D. Mich. July 13, 2010) (Rosen, C.J.); *Bridging Cmty., Inc. v. Top Flite Fin., Inc.*, 09-CV-14971, 2010 WL 1790357, at *2 (E.D. Mich. May 3, 2010) (Zatkoff, J.); *Machesney v. Lar-Bev of Howell*, No. 10-10085, 2010 WL 821932, at *3 (E.D. Mich. Mar. 4, 2010) (Cox, J.)[1]

Notably, this action is premised on federal question jurisdiction alone. Plaintiff does not allege alternative grounds for federal jurisdiction.

## V.

In light of the authority discussed above, including the uniform manner in which other courts in this district have proceeded, and because Plaintiff has failed to object to Magistrate Judge Morgan's May 21, 2010, order in which she determined that amendment of the Complaint would be futile on the ground that the Court "likely" lacks subject matter jurisdiction over this case, the Court now dismisses this case for lack of subject matter jurisdiction.

SO ORDERED.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 19, 2010

---

[1] The plaintiffs in *Imhoff Investment*, *Bridging Communities*, and *Machesney* were represented by Jason Thompson, the same attorney representing Plaintiff in the present case.

5

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 19, 2010.

                                              S/Denise Goodine
                                              Case Manager