UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPRESSOR ENGINEERING
CORPORATION,

        Plaintiff,                            Civil Action No.
                                                10-CV-10059

vs.

                                                PAUL D. BORMAN
CHICKEN SHACK, INC., et al.,          UNITED STATES DISTRICT JUDGE

        Defendants.
_____/

**OPINION AND ORDER
(1) DENYING DEFENDANT'S MOTION TO DISMISS (Dkt. No. 5);
(2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO
AMEND COMPLAINT (Dkt. No. 9), and
(3) DISMISSING WITHOUT PREJUDICE DEFENDANTS CHICKEN SHACK, INC.
AND CHICKEN SHACK DEPOT, INC.**

This case arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Compressor Engineering Corporation ("Plaintiff") filed the class action Complaint in this matter on January 6, 2010, naming as Defendants Chicken Shack, Inc., Chicken Shack Depot, Inc., and Charles J. Thomas, Jr. ("Thomas" or "Defendant"). (Dkt. No. 1.) Chicken Shack, Inc., and Chicken Shack Depot, Inc., were never served with a Summons and Complaint.

On February 15, 2010, Defendant Thomas filed a motion to dismiss, arguing, *inter alia*, that this Court lacked subject matter jurisdiction over Plaintiff's claims under the TCPA. (Dkt. No. 5.) Plaintiff filed a response on April 7, 2010. (Dkt. No. 8.) On the same day, Plaintiff also filed a Motion for Leave to File Amended Complaint. (Dkt. No. 9.) Defendant filed a response to Plaintiff's motion on April 27, 2010. (Dkt. No. 12.)

In a May 21, 2010 Order, Magistrate Judge Virginia Morgan denied Plaintiff's motion to

amend, finding that any amendment would be futile because the Court lacks subject matter jurisdiction over Plaintiff's TCPA claims. (Dkt. No. 14.) On July 19, 2010, the Court entered an Opinion and Order of Dismissal for Lack of Subject Matter Jurisdiction. (Dkt. No. 18.) Plaintiff filed a Notice of Appeal on July 22, 2010. (Dkt. No. 21.)

On December 30, 2010, the United States Court of Appeals for the Sixth Circuit decided *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459 (6th Cir. 2010), which held that federal district courts have subject matter jurisdiction over TCPA claims. On May 17, 2011, the Sixth Circuit entered an Order remanding this case for reconsideration in light of the *EchoStar* decision. (Dkt. No. 23.)

This Court entered an Opinion and Order (1) Reopening the Case in Light of *Charvat v. EchoStar Satellite, LLC*, and (2) Ordering Plaintiff to Show Cause Why Defendants Chicken Shack, Inc., and Chicken Shack Depot, Inc., Should Not Be Dismissed for Lack of Prosecution on June 22, 2012. (Dkt. No. 24.) This Opinion and Order also required the parties to file supplemental briefing on Defendant's motion to dismiss and Plaintiff's motion to amend.

On July 13, 2012, Plaintiff filed a response to the Court's show cause order and a supplemental brief in support of its motion to amend. (Dkt. Nos. 25, 27.) Defendant also filed a supplemental brief in support of its motion to dismiss on July 13, 2012. (Dkt. No. 26.) On August 10, 2012, both parties filed supplemental responses. (Dkt. Nos. 31, 32.)

On January 24, 2013, Defendant filed a Motion to File Second Supplemental Brief in Support of Defendant Charles J. Thomas, Jr.'s Motion to Dismiss. (Dkt. No. 36.) Plaintiff filed a response on February 7, 2013. (Dkt. No. 37.) Defendant filed a reply on February 13, 2013. (Dkt. No. 38.)

At a hearing on July 26, 2013, the Court granted Defendant's Motion to File Second

Supplemental Brief in Support of Defendant Charles J. Thomas, Jr.'s Motion to Dismiss. (Dkt. No. 41.)

For the reasons stated below, the Court will:

(1) DENY Defendant's Motion to Dismiss;

(2) GRANT Plaintiff's Motion to Amend Complaint to correct class description, and DENY Plaintiff's request to add South Shack I, Inc., and South Shack II, Inc., as defendants, and

(3) DISMISS Defendants Chicken Shack, Inc., and Chicken Shack Depot, Inc., WITHOUT PREJUDICE.

## I. BACKGROUND

The TCPA provides that:

> [a] person may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.

47 U.S.C. § 227(b)(3).

Plaintiff alleges that Defendant sent an unsolicited advertisement to Plaintiff's fax machine on November 6, 2005.[1] (Compl. ¶ 10.) Plaintiff further alleges that Defendant has sent similar unsolicited advertisements via fax machine to at least 39 other recipients.

---

[1] In determining Defendant's motion to dismiss, the Court accepts all well-pled factual allegations as true. *U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588 (6th Cir. 2013).

Prior to this case, Plaintiff's counsel had filed, on June 29, 2009, a different class action complaint against Defendant Thomas in Wayne County Circuit Court, *Central Alarm Signal, Inc. v. Chicken Shack, Inc., et al.*, No. 09-015989-NZ ("*Central Alarm*").[2] The *Central Alarm* case, like the case before this Court, alleged a class action violation of the TCPA against Defendant Thomas, as well as Chicken Shack, Inc. and Chicken Shack Depot, Inc. (Pl.'s Resp. to Def.'s Mot. to Dismiss, Ex. C-1, *Central Alarm* Compl.) The plaintiff in the *Central Alarm* case filed a motion for voluntary dismissal, and the case was voluntarily dismissed with prejudice on November 19, 2009. (Pl.'s Resp. to Def.'s Mot. to Dismiss, Ex. C-4, *Central Alarm* Dismissal.) The state court never issued a decision on class certification in the *Central Alarm* case.

After the *Central Alarm* dismissal, Plaintiff's counsel, now representing Plaintiff Compressor Engineering Corporation, filed the Complaint in this case. Now before the Court are Defendant's motion to dismiss and motion to file a second supplemental brief, and Plaintiff's motion to amend.

## II. LEGAL STANDARD

**A. Motion to Dismiss**

On a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court "must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Erie County, Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012). The Court need not, however, accept as true legal conclusions or unwarranted factual allegations. *Severe Records, LLC v. Rich*, 658 F.3d 571, 578 (6th Cir. 2011). If Plaintiff has stated a plausible claim

---

[2] The Court may consider the *Central Alarm* complaint and dismissal because they are matters of public record and are central to Plaintiff's claims in this case. *Bassett v. National Coollegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Specifically, as discussed *infra*, the *Central Alarm* case is central to Plaintiff's argument that the claims in the instant case are tolled.

4

for relief, the Court must deny the motion and allow the litigation to proceed. *Pagliara v. Johnston Barton Proctor and Rose, LLP*, 708 F.3d 813, 819 (6th Cir. 2013).

**B. Motion to Amend**

Under Federal Rule of Civil Procedure 15, the Court is directed to grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, denying leave is appropriate in instances of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Glazer v. Chase Home Finance LLC*, 704 F.3d 453, 458 (6th Cir. 2013).

### III.  ANALYSIS

**A.  Defendant's Motion to Dismiss**

In his motion to dismiss, Defendant asserts that Plaintiff's TCPA claim fails for two reasons: (1) this Court lacks subject matter jurisdiction over Plaintiff's TCPA claim; and (2) Plaintiff's claim is outside of the four-year statute of limitations. As noted *supra*, the issue of this Court's subject matter jurisdiction over TCPA claims has been resolved. *See EchoStar*, 630 F.3d at 463; *see also Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 745 (2012) (holding "that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA."). In his supplemental briefing, Defendant continues to argue that the statute of limitations bars Plaintiff's TCPA claims, and further argues that Plaintiff's class action claims are barred under Michigan laws regarding class actions.

*1. Statute of Limitations*

5

Plaintiff and Defendant Thomas initially agreed that the four-year period of limitations under 28 U.S.C. § 1658[3] applied to Plaintiff's TCPA claim. However, in his Second Supplemental Brief in Support of his Motion to Dismiss, Defendant Thomas, for the first time, argues that § 1658 does not apply to the TCPA. Defendant asserts that the Court should instead apply the three-year statute of limitations set forth under Mich. Comp. Laws § 600.5805(10).[4]

The United States Court of Appeals for the Sixth Circuit has not addressed whether state substantive law applies to federal TCPA claims. *See In re Lake City Indus. Products, Inc.*, No. 12-0108, 2013 WL 414652 (6th Cir. Jan 9, 2013) (declining petition for permission to appeal). Defendant relies on several cases from other circuits in arguing that Michigan's statute of limitations should apply. In *Holster v. Gatco, Inc.*, 618 F.3d 214 (2nd Cir. 2010), the United States Court of Appeals for the Second Circuit held that state "rules of court" define whether a cause of action lies under the TCPA. *Id*. at 217. In so holding, the Second Circuit noted "that Congress intended to give states a fair measure of control over solving the problems that the TCPA addresses. The ability to define when a class cause of action lies and when it does not is part of that control." *Id*. at 218.

In *US Fax Law Center, Inc. v. iHire, Inc.*, 476 F.3d 1112 (10th Cir. 2007), the United States Court of Appeals for the Tenth Circuit interpreted the "if otherwise permitted by the laws or rules of court of a State" language in § 227(b)(3) to mean "that Colorado law govern[s] the matter of

---

[3] Federal statutes containing a private cause of action that do not have an express period of limitations are subject to a four-year period of limitations under 28 U.S.C. § 1658(a). *See generally Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004) (holding that the limitations period set forth in § 1658 applies to acts of Congress that are enacted after December 1, 1990).

[4] Section 5805(10) provides that "[e]xcept as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person, or for injury to a person or property."

6

assignability" of claims. *Id*. at 1118. The Tenth Circuit further held that "Congress expressly directed that federal courts apply substantive state law to determine which persons or entities may bring TCPA claims in federal court." *Id*.

Defendant also relies on *Murphey v. Lanier*, 204 F.3d 911 (9th Cir. 2000), which, in holding that state courts have exclusive jurisdiction over TCPA claims, noted that "a state could decide to prevent its courts from hearing private actions to enforce the TCPA's substantive rights. To that extent, the existence of a *private* right of action under the TCPA could vary from state to state." *Id*. at 914 (emphasis in original) (quoting *Int'l Science and Technology Institute, Inc. v. Inacom Communications, Inc.*, 106 F.3d 1146, 1154 (4th Cir. 1997)).

Noticeably absent from the argument in Defendant's first Supplemental Brief is any citation to, or discussion of, the recent United States Supreme Court decision in *Mims v. Arrow Financial Services*, *supra*. In addition to abrogating the Ninth Circuit's opinion in *Murphey*, the *Mims* Court held that "federal law gives rise to the [TCPA] claim for relief Mims has stated and specifies the substantive rules of decision . . . ." 132 S.Ct. at 753. In interpreting the TCPA language, the *Mims* Court noted "[t]he federal interest in regulating telemarketing[,]" and reasoned that "Congress' design would be less well served if consumers had to rely on 'the laws or rules of court of a State,' § 227(b)(3), or the accident of diversity jurisdiction, to gain redress for TCPA violations." *Id*. at 751.

In his Second Supplemental Brief, Defendant asserts that the *Mims* opinion supports his argument, noting that the Supreme Court stated that "Congress arguably gave States leeway they would otherwise lack to 'decide for [themselves] whether to entertain claims under the [TCPA] . . . .'" *Id*. (citation omitted). Defendant's argument relies, in part, on language quoted from the

7

syllabus of the *Mims* decision, which is not part of the opinion of the Supreme Court and is not binding on this Court.

The reasoning of the United States Supreme Court in *Mims* counsels against applying state substantive law to Plaintiff's federal TCPA claim. While several circuit courts of appeals have applied aspects of state law to TCPA claims, these decisions all pre-date the *Mims* decision. Defendant's argument that *Mims* supports the application of state substantive law is unpersuasive in light of the holding in that case, which states that "federal law . . . specifies the substantive rules of decision" for the plaintiff's TCPA claim. *Id.* at 753. The Court will therefore apply the four-year statute of limitations set forth under federal law in 28 U.S.C. § 1658.

*2. Tolling*

The act that serves as the basis for Plaintiff's claim occurred on November 6, 2005. (Compl. ¶ 10.) The Complaint in this matter was not filed until January 10, 2010, more than four years later. Plaintiff argues, however, that his claim is not barred by the statute of limitations because it was tolled during the pendency of the *Central Alarm* action in state court.

In *American Pipe and Construction Co v. Utah*, 414 U.S. 538 (1974), the United States Supreme Court held that "the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." *Id.* at 553. The Supreme Court expanded on this holding in *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983):

> We conclude, as did the Court in *American Pipe*, that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S., at 554, 94 S.Ct., at 766. Once the statute of limitations has been tolled, it remains tolled for all members of the putative class

> until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action.

*Crown, Cork & Seal*, 462 U.S. at 353-54.

Plaintiff argues that it was a putative member of the class in the *Central Alarm* action, which included all persons who received unsolicited faxes from Defendant "on or after four years prior to the filing of [the *Central Alarm*] action[.]" (*Central Alarm* Compl. ¶ 15.) As noted *supra*, the *Central Alarm* action was filed on June 29, 2009, and was thus within the four-year statute of limitations applicable to Plaintiff's November 2005 TCPA claim.

Defendant argues that the reasoning in *American Pipe* and *Crown, Cork and Seal* is inapplicable to prior class actions that are brought in state court and are voluntarily abandoned. But Defendant points to no case law or language in *American Pipe* and *Crown, Cork and Seal* indicating that, if the representative of a putative class action decides to settle its individual claims, the tolling principals in *American Pipe* and *Crown, Cork and Seal* no longer apply. Furthermore, to the extent that Defendant attempts to distinguish this matter from *American Pipe* and *Crown, Cork and Seal* because the initial class action was filed in state court, the Court notes that the Michigan legislature has codified the tolling principles set forth by the United States Supreme Court decisions in Michigan Court Rule 3.501(F).[5] Thus, under both federal law and Michigan state law, Plaintiff's claims were tolled during the pendency of the *Central Alarm* litigation.

Defendant also argues that, even if tolling applies, only Plaintiff's individual claims were tolled during the pendency of the *Central Alarm* litigation, and it may not now seek class-wide

---

[5]This rule provides that "[t]he statute of limitations is tolled as to all persons within the class described in the complaint on the commencement of an action asserting a class action." M.C.R. 3.501(F)(1).

9

relief. Defendant relies, in part, on *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), which held that individual claims were tolled during the pendency of an earlier filed class action, but "there was no tolling for future class actions by putative class members." *Id*. at 149.

Defendant's argument is undercut by the recent Sixth Circuit decision in *In re Vertrue Inc. Marketing and Sales Practices Litigation*, 719 F.3d 474 (6th Cir. 2013). In *In re Vertrue*, the Sixth Circuit addressed whether the claims of putative class members had been tolled during the pendency of class action suit. The Sixth Circuit distinguished its prior decision in *Andrews*, reasoning as follows:

> Vertrue argues that *Andrews* stands for the bright line rule that *American Pipe* tolling never applies to subsequent class actions by putative class members and that, therefore, the plaintiffs here are time-barred from seeking to pursue a subsequent class action. However, we dealt in *Andrews* with a situation in which class certification had already been denied. Here, no court has definitely ruled on class certification, as the district court dismissed the plaintiffs' actions in [the prior class-action suit] before ruling on the plaintiffs' motion for class certification. . . . Because the risk motivating our decision in *Andrews* – namely, repetitive and indefinite class action lawsuits addressing the same claims – is simply not present here, we hold that the commencement of the original . . . class action tolled the statute of limitations under *American Pipe*.

*Id*. at 479-80 (citations omitted).

In this case, like in *In re Vertrue*, no court has definitely ruled on class certification. The statute of limitations has therefore been tolled for both Plaintiff's individual TCPA claim and for the class action claim.

Defendant also argues that the tolling period expired 91 days after the *Central Alarm* Complaint was filed, pursuant to M.C.R. 3.501(B)(1), which requires a motion for class certification to be filed "[w]ithin 91 days after the filing of a complaint that includes class action allegations . .

. ." However, this rule includes various exceptions, including a provision allowing the deadline to be extended. *See* M.C.R. 3.501(B)(2) (providing that "[t]he time for filing the motion may be extended by order on stipulation of the parties or on motion for cause shown."). Furthermore, Michigan's court rules expressly provide that the statute of limitations continues to be tolled until the filing of "a notice of the plaintiff's failure to move for class certification under subrule (B)(2) . . . ." M.C.R. 3.501(F)(2)(a). There is no evidence that a notice pursuant to rule 3.501(B)(2) was ever filed in the *Central Alarm* litigation. The tolling of the statute of limitations thus did not automatically end 91 days after the filing of the *Central Alarm* Complaint.

The Court therefore finds that the statute of limitations was tolled during the pendency of the *Central Alarm* litigation for both Plaintiff's individual TCPA claim and the class action claim. Defendant's motion to dismiss Plaintiff's claims based on the statute of limitations is thus denied.

*3. Michigan Substantive Law*

Defendant argues that Michigan class action rules bar Plaintiff's TCPA claim. Defendant also argues, in its Second Supplemental Brief, that Michigan substantive law bars Plaintiff's TCPA claim.

These arguments fail for the reasons stated *supra* at Part II., 1. The United States Supreme Court provided in *Mims* that "federal law gives rise to the [TCPA] claim for relief Mims has stated *and specifies the substantive rules of decision* . . . ." 132 S.Ct. at 753. Plaintiff's TCPA claim is therefore not governed by Michigan substantive law. *See Jackson's Five Star Catering, Inc. v. Beason*, No. 10-10010, 2012 WL 3205526 (E.D. Mich. July 26, 2012) (Cook, J.) (holding that M.C.R. 3.501(A)(5) did not apply to bar TCPA claim); *Bridging Communities, Inc. v. Top Flite Financial, Inc.*, No. 09-14971, 2013 WL 185397 (E.D. Mich. Jan. 17, 2013) (Zatkoff, J.) (holding

that Michigan statutory law did not control the outcome of TCPA claim); *Small v. Kmart Holding Corp.*, No.12-CV-11062, 2013 WL 1157339 (E.D. Mich. Mar. 20, 2013) (Hood, J.) (declining to apply Michigan state law limiting class actions to TCPA claim).

Accordingly, because Plaintiff's TCPA claim and class action claim were tolled pursuant to *American Pipe* and *Crown, Cork and Seal*, and because Michigan substantive law does not apply pursuant to the reasoning in *Mims*, Defendant's motion to dismiss is denied.

## B. Plaintiff's Motion to Amend

Magistrate Judge Morgan denied Plaintiff's motion to amend on May 21, 2010, reasoning that any amendment would be futile because the Court lacked subject matter over Plaintiff's TCPA claim. Because the Court has subject matter jurisdiction pursuant to *EchoStar*, *supra*, the Court ordered supplemental briefing for reconsideration of Plaintiff's motion.

Plaintiff seeks to amend the class definition in the Complaint to correct a typographical error that fails to account for the tolling associated with the *Central Alarm* litigation. (Pl.'s Mot. to Amend at 2.) Specifically, Plaintiff seeks to amend the class description from:

> [a]ll persons . . . to which a facsimile transmission was sent on behalf of Defendants . . . at any time between four years prior to the filing of this suit to and including the present[,]

to:

> [a]ll persons . . . to which a facsimile transmission was sent on behalf of Defendants . . . at any time from November 6, 2005 to January 6, 2010.

(Pl.'s Mot. to Amend 2.)

Defendant argues that Plaintiff's proposed amendment is futile. However, this argument assumes that the Court will grant Defendant's motion to dismiss. Defendant also argues that

12

Plaintiff's proposed amendment enlarges the scope of the class to putative claimants for which Defendant had no notice.

Plaintiff's request to amend is granted, but Plaintiff is limited to describing the class previously at issue in the *Central Alarm* litigation. Plaintiff is therefore not permitted to amend the class period to include putative plaintiffs that received faxes from Defendant *after* the June 29, 2009 filing of the complaint in the *Central Alarm* case. Plaintiff is thus permitted to amend the complaint, but only to describe a class period from November 6, 2005, to June 29, 2009.

In its supplemental brief, Plaintiff further seeks to amend the Complaint to add two new defendants – South Shack I, Inc., and South Shack II, Inc.

To add a new defendant after the expiration of the statute of limitations, a plaintiff must comply with the requirements of Federal Rule of Civil Procedure 15(c)(1)(C). *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012). This Rule requires that, within 120 days after the filing of the original complaint, a defendant had knowledge of the complaint and constructive knowledge that the plaintiff made a mistake as to the defendant's proper identity. *See* Fed. R. Civ. P. 15(c)(1)(C); *Krupski v. Costa Crociere S.p.A.*, 130 S.Ct. 2485, 2490 (2010).

Plaintiff argues that South Shack I, Inc., and South Shack II, Inc., had knowledge of the Complaint in this case because Defendant Thomas is the owner or president of both companies. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 620 (6th Cir. 2010) (noting that "[u]nder Michigan law, the knowledge of a corporate agent can be imputed to the entire corporation . . . ."). However, Plaintiff has not shown that either South Shack I, Inc., or South Shack II, Inc., knew they were the proper Defendants in this matter and would have been sued but for the Plaintiff's mistake. Plaintiff concludes that "the proposed new Defendants knew or should have known that had it not been for

13

a mistake, they would have been named as Defendants[,]" but Plaintiff offers no facts or legal analysis to support this conclusion.

The United States Supreme Court has held that, for purposes of Rule 15(c)(1)(C)(ii), "[a] mistake is '[a]n error, misconception, or misunderstanding; an erroneous belief.'" *Krupski*, 130 S.Ct. at 2494 (citation omitted). Plaintiff has not offered any facts or argument showing why it misunderstood or erroneously believed that South Shack I, Inc., and South Shack II, Inc., were not responsible for the TCPA violations at issue in this case. If Plaintiff merely did not know of the existence of South Shack I, Inc., and South Shack II, Inc., until after the expiration of the statute of limitations, the Sixth Circuit has held, and continues to hold after the *Krupski* decision, "that an absence of knowledge is not a mistake, as required by Rule 15(c)(1)(C)(ii)." *Brown v. Cuyahoga County, Ohio*, No. 12-3562, 2013 WL 1003511, at *2 (6th Cir. Mar. 15, 2013) (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)). Accordingly, Plaintiff has failed to meet the requirements for relation back under Rule 15(c)(1)(C), and its request to amend to add South Shack I, Inc., and South Shack II, Inc., is denied.

Plaintiff does not object to the dismissal of Defendants Chicken Shack, Inc., and Chicken Shack Depot, Inc. (Pl.'s Supplemental Br. in Supp. of Its Mot. to Amend 7.) Defendant Thomas asserts that dismissal of these Defendants should be with prejudice.

A district court's dismissal of a defendant that has not been timely served is governed by Federal Rule of Civil Procedure 4(m). This Rule provides that, if service is not timely completed, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action *without prejudice* against that defendant . . . ." Fed. R. Civ. P. 4(m) (emphasis added). The Court will therefore dismiss Defendants Chicken Shack, Inc., and Chicken Shack Depot, Inc., without

prejudice.

## IV.  CONCLUSION

For the reasons stated above, the Court should:

(1) **DENY** Defendant's Motion to Dismiss;

(2) **GRANT** Plaintiff's Motion to Amend Complaint to correct class description, and **DENY** Plaintiff's request to add South Shack I, Inc., and South Shack II, Inc., as defendants, and

(3) **DISMISS** Defendants Chicken Shack, Inc., and Chicken Shack Depot, Inc., **WITHOUT PREJUDICE**.

The only remaining Defendant in this case is Charles J. Thomas, Jr.

SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  August 15, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 15, 2013.

s/Deborah Tofil  
Case Manager
