UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPRESSOR ENGINEERING
CORPORATION,

                Plaintiff,                        No. 10-10059

v.                                      District Judge Paul D. Borman
                                      Magistrate Judge R. Steven Whalen

CHARLES J. THOMAS, JR.,

                Defendant.
_____ /

### ORDER

Before the Court is Defendant's Motion for Certification of Order and Motion to Stay Case Pending Any Appeal Pursuant to Fed.R.Civ.P. 54(b) and 28 U.S.C. § 1292(b) [Doc. #50]. For the reasons discussed below, the Motion will be DENIED.

## I.    BACKGROUND

On January 6, 2010, Plaintiff has filed a class action complaint under the Telephone Consumer Protection Act ("TCPA"). On July 19, 2010, this Court dismissed the complaint for lack of subject matter jurisdiction. However, the Sixth Circuit remanded the case for reconsideration in light of it's December 30, 2010 decision in *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459 (6th Cir. 2010), which held that federal district courts do have subject matter jurisdiction over TCPA claims. This Court reopened the case, and on August 15, 2013, the Honorable Paul D. Borman denied Defendant's motion to dismiss on statute of limitations grounds [Doc. #43].

The Defendant then filed the present motion to certify the Court's August 15, 2013 order for appeal, and staying the case pending any appeal. The Defendant frames the

issues to be appealed as follows:

> "The issues requested to be addressed are whether the holding in *[In re] Vertue [Inc. Marketing and Sales Practices Litigation*, 791 F.3d 474 (6th Cir. 2013)] conflicts with the holding in *Andrews [v. Orr*, 851 F.2d 146 (6th Cir. 1988)]. More specific issues are: (1) when a class action is filed in a state curt beyond that state statute of limitation period but before the federal statute of limitations runs, and when no motion for certification of class is filed in the state court action and the matter is voluntarily dismissed, does the state action toll the federal statute of limitations for the putative members of the class asserted? (2) when a class action is filed in a state court arguably within both the state and federal statutes of limitations, but plaintiff files no motion for certification of the class before the matter is voluntarily dismissed, does the state curt action toll the federal statute of limitations for the putative members of the class asserted? *Defendant's Brief* [Doc. #50], at 3-4.

Defendant relies on Fed.R.Civ.P. 54(b) and 28 U.S.C. § 1292(b).

## II.   BACKGROUND

The underlying facts were set forth Judge Borman's August 15, 2013 Opinion and Order, and need not be repeated here at any length. On June 29, 2009, prior to the filing of the complaint in the present case, Plaintiff's counsel filed a different class action in Wayne County Circuit Court, alleging a violation of the TCPA against Defendant Thomas, Chicken Shack, Inc., and Chicken Shack Depot, Inc. *Central Alarm Signal, Inc. v. Chicken Shack, Inc., et al.*, No. 09-015989-NZ. That case was voluntarily dismissed with prejudice on November 19, 2009. The state court did not issue a decision on class certification. Following the dismissal of *Central Alarm*, Plaintiff's counsel filed the present complaint on behalf of Plaintiff Compressor Engineering Corporation.

The Defendant moved to dismiss the present complaint on statute of limitations grounds, relying in part on *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). Judge Borman rejected that argument, holding that the statute of limitations was tolled during the pendency of the *Central Alarm* litigation. In so holding, Judge Borman relied on the more recent decision in *In re Vertrue Inc. Marketing and Sales Practices Litigation*, 719 F.3d

-2-

474 (6th Cir. 2013), where the Sixth Circuit distinguished *Andrews* as follows:

> "Vertrue argues that *Andrews* stands for the bright line rule that *American Pipe* tolling never applies to subsequent class actions by putative class members and that, therefore, the plaintiffs here are time-barred from seeking to pursue a subsequent class action. However, we dealt in *Andrews* with a situation in which class certification had already been denied. Here, no court has definitively ruled on class certification, as the district court dismissed the plaintiffs' actions in [the prior class action suit] before ruling on the plaintiffs' motion for class certification....Because the risk motivating*480 our decision in *Andrews*—namely, repetitive and indefinite class action lawsuits addressing the same claims—is simply not present here, we hold that the commencement of the original... class action tolled the statute of limitations under *American Pipe*....Because no court ever denied the motion for class certification in the [prior] action, we affirm the district court's conclusion that the plaintiffs' federal claims were timely filed." *Id.* at 479-80. (Citations omitted).

Defendant now moves to certify for appeal the denial of their motion to dismiss, arguing that there is a conflict of opinion between *Andrews v. Orr* and *In re Vertrue Inc. Marketing & Sales Practices Litigation*.

### III.   DISCUSSION

### A.   Rule 54(b)

Fed.R.Civ.P. 54(b) provides as follows:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

This case does not involve multiple claims or multiple parties. A single Plaintiff brings a single TCPA claim against a single Defendant. "Litigants in a single claim, two party dispute may not resort to Rule 54(b) as a basis for appellate jurisdiction." *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1027 (6th Cir. 1994), citing *Liberty*

2:10-cv-10059-PDB-RSW   Doc # 70   Filed 01/13/14   Pg 4 of 7   Pg ID 887

*Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 742-43 (1976).[1]

Moreover, in *Rosenstein v. Merrell Dow Pharmaceuticals, Inc.*, 769 F.2d 352, 353 (6th Cir. 1985), the Sixth Circuit instructed that "[t]he general rule teaches that the 'denial of a motion to dismiss, even when the motion is based on jurisdictional grounds, is not immediately reviewable.'" (Quoting *Catlin v. United States*, 324 U.S. 229, 236 (1945).

Nor may Defendant invoke the narrow "final collateral order exception" to this rule, as established in *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541 (1949). "To come within the small class of decisions excepted from the final judgment rule by *Cohen,* the order must (1) conclusively determine a disputed question; (2) resolve an important issue separate from the merits; *and* (3) be effectively unreviewable following a trial on the merits." *Rosenstein v. Merrell Dow Pharmaceuticals, Inc.*, 769 F.2d 352, 354 (6th Cir. 1985)(citing *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368 (1981)(emphasis added). Defendant has met the first prong, in that Judge Borman conclusively determined the statute of limitations question. However, Defendant fails the second prong of the test. "The *Cohen* principle is not available to confer immediate reviewability on orders which involve considerations that are 'enmeshed' in the factual and legal issues of the cause of action." *Rosenstein*, at 354.[2]  Finally, as in *Rosenstein*, the statute of limitations issue in this case "is effectively reviewable on appeal subsequent to the trial court's decision on the merits, and therefore fails under the third criteria of the

---

[1] The fact that this case was filed as a class action does not convert it into a "multiple party" dispute for purposes of Rule 54(b). Unlike the severability of parties with distinct claims or theories, as contemplated by Rule 54(b), this case involves a single TCPA claim against a unified putative class. Moreover, no class has been certified at this point in the proceedings, and the case at this time involves only a single Plaintiff and a single Defendant.

[2] In *Rosenstein*, the Court denied interlocutory appeal of an adverse *forum non conveniens* disposition.

*Cohen* appealability doctrine." *Id*. Because the three-pronged *Cohen* formulation is stated in the conjunctive, the final collateral order exception to Rule 54(b) would be inapplicable even if Defendant satisfied the first two factors.

## B.   § 1292(b)

28 U.S.C.  § 1292(b) states:

> **(b)** When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

Interlocutory review under  § 1292(b) is reserved for exceptional cases. *Caterpillar v. Lewis,* 519 U.S. 61, 74 (1996); *see also In re City of Memphis,* 293 F.3d 345, 350 (6th Cir.2002) ("Review under § 1292(b) is granted sparingly and only in exceptional cases.").

In *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013), the Sixth Circuit observed:

> "District courts in this circuit have interpreted 'a substantial ground for difference of opinion ... regarding the correctness of the decision' to mean when '(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.'"

In this case, Defendant posits that there is a difference of opinion within the Sixth Circuit, based on conflicting decisions in *Andrews v. Orr* and *In re Vertrue*.  But the two decisions do not conflict, because each addresses a distinct factual situation.  The distinction lies in whether or not the issue of class certification was ruled upon prior to

-5-

dismissal in the first of the two actions.  If it was, then *Andrews v. Orr* applies, and the statute of limitations is not tolled.  If it was not, then *In re Vertru* applies, and the statute is tolled as to putative class members. The Sixth Circuit made that distinction clear in *In re Vertrue*, as did Judge Borman in his opinion denying Defendant's motion to dismiss. The Defendant may not like the decision in *In re Vertrue*, and may ask for the Sixth Circuit to revisit the decision (possibly *en banc*) in any eventual final appeal in this case, but there is no basis to conclude that there is a "substantial ground for difference of opinion" that would commend granting interlocutory review under  § 1292(b).

Defendant's reliance on the Middle District of Tennessee's certification of an issue in *Phipps v. Wal-Mart*, 2013 WL 2897961 (M.D. Tenn. 2013) is misplaced.  The Civil Appeal Statement filed in *Phipps*, 6th Circuit Docket No. 13-6194, appended to Plaintiff's response as Exhibit 1, frames the issue as follows: "Appellants ask the Court to determine whether, *following the denial of class certification to a putative class* under Federal Rule of Civil Procedure 23, the members of a discrete subclass of the initial putative class receive class-wide tolling...thereby permitting a follow-on subclass action."  That is not the issue in the present case, where there was no denial of class certification in the prior state court action.

Because there is no "difference of opinion in this circuit" regarding the tolling of the statute of limitations under the facts of the present case, there is no basis to grant the extraordinary remedy of certifying an interlocutory appeal.

## IV.   CONCLUSION

For these reasons, Defendant's Motion for Certification of Order and Motion to Stay Case Pending Any Appeal Pursuant to Fed.R.Civ.P. 54(b) and 28 U.S.C.  § 1292(b) [Doc. #50] is DENIED.

IT IS SO ORDERED.


Dated: January 13, 2014                    s/R. Steven Whalen
                                           R. STEVEN WHALEN
                                           UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on
January 13, 2014, electronically and/or by U.S. Mail.

                                           s/Michael Williams
                                           Case Manager for the
                                           Honorable R. Steven Whalen