UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPRESSOR ENGINEERING
CORPORATION,

        Plaintiff,

                                              Case number: 10-10059

v                                                   Paul D. Borman
                                                   United States District Judge

CHARLES J. THOMAS, JR.,

        Defendant.

<u>ORDER DENYING DEFENDANT'S MOTION TO REASSIGN THE CASE (ECF NO. 57)</u>

        Before the Court is Defendant Charles J. Thomas, Jr.'s ("Thomas") "Motion to Reassign Case to Judge Cox Who is Presiding Over Companion Cases". (ECF No. 57). Plaintiff Compressor Engineering Corporation responded (ECF No. 59) and Defendant Thomas thereafter filed a reply (ECF No. 61).

I. PROCEDURAL HISTORY AND BACKGROUND

        On January 6, 2010, Plaintiff filed the instant class action complaint under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 against Defendants Chicken Shack, Inc., Chicken Shack Depot, Inc., and Charles Thomas, Jr. (ECF No. 1). On February 5, 2010, Defendant Thomas filed a motion to dismiss arguing the Court lacked subject matter jurisdiction over Plaintiff's TPCA claims. (ECF No. 5). Plaintiff then filed a Motion for Leave to File Amended Complaint. (ECF No. 8). On May 21, 2010, Magistrate Judge Virginia Morgan denied Plaintiff's motion to amend finding it was futile because the Court lacked subject matter jurisdiction. (ECF No. 14). On July 19, 2010, this Court dismissed the complaint holding that

the Court lacked subject matter jurisdiction over the TCPA claims. (ECF No. 18). Plaintiff filed a notice of appeal on July 22, 2010. (ECF No. 21).

On May 17, 2011, the United States Court of Appeals for the Sixth Circuit entered an Order remanding this case for reconsideration in light of its recent decision, *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459 (6th Cir. 2010). (ECF No. 23). *EchoStar* held that federal district courts do have subject matter jurisdiction over TCPA claims.

Thereafter, on June 22, 2012, the Court entered an Opinion and Order that reopened this action in light of *EchoStar* and also ordered Plaintiff to show cause why Defendants Chicken Shack, Inc. and Chicken Shack Depot, Inc. should not be dismissed for lack of prosecution. (ECF No. 24). The Order also required the parties file supplemental briefing on Defendant Thomas's motion to dismiss and Plaintiff's motion to amend.

On August 15, 2013, this Court denied Defendant Thomas's motion to dismiss, granted Plaintiff's motion to correct the class description and denied Plaintiff's request to add certain parties as defendants. The Court also dismissed Chicken Shack, Inc. and Chicken Shack Depot, Inc. without prejudice leaving Defendant Thomas as the sole defendant. (ECF No. 43). On September 5, 2013, Plaintiff filed its Amended Complaint. (ECF No. 46).

Plaintiff alleges in its Amended Complaint that Defendant sent an unsolicited advertisement to Plaintiff's fax machine on November 6, 2005. (Am. Compl. ¶ 12). Plaintiff further alleges that Defendant Thomas has sent similar unsolicited advertisements via fax machine to at least 39 other recipients. (*Id*. ¶ 14). Plaintiff claims that this conduct violated the TCPA. Plaintiff is attempting to bring this class action on behalf of "All persons that are holders of telephone numbers to which a facsimile transmission was sent on behalf of Defendant

advertising or promoting the goods or services of Defendant at any time from August 13, 2005 to present (The Class Period)."[1] (*Id.* ¶ 16).

## II. ANALYSIS

Defendant Thomas argues that pursuant to the Local Rules, this case must be reassigned to Judge Sean Cox because Defendant Thomas believes that Judge Cox is presiding over three prior-filed companion cases to the instant case: *Compressor Engineering Corp. v. Manufacturers Financial Corp., et al.*, case no. 09-14444; *APB Associates, Inc. v. Bronco's Saloon, Inc., et al.*, case no. 09-14959; and *Machesney v. Lar-Bev of Howell, Inc., et al.*, case no. 10-10085.

Eastern District of Michigan, Local Civil Rule 83.11(b), titled "Reassignment of Civil Cases", provides, in relevant part:

> (2) To promote judicial efficiency, or to conform to the requirement of any case management plan adopted by the Court, or upon consent of the parties, or after notice and hearing, or in the interests of justice, the Chief Judge may order a civil case to be reassigned, but only with the consent of the Judge to whom the case was originally assigned and with the consent of the Judge to whom it is to be reassigned.
>
> (3) To promote judicial efficiency in cases not requiring reassignment under these Rules, the Judges, after notice to the parties and opportunity to respond, may jointly order consolidation of some or all aspects of related cases.

E.D. Mich. L.R. 83.11(2)-(3). The Local Rule goes on to provide that companion cases are cases in which it appears that "(i) substantially similar evidence will be offered at trial, or (ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence." E.D. Mich. L.R. 83.11(b)(7)(A)(i)-(ii). Further, parties or counsel "must bring companion cases

---

[1] The Court notes that Plaintiff's Amended Complaint failed to amend the class description as proposed in its Motion to Amend and as approved by this Court in its August 15, 2013 Order. (Am. Compl. ¶ 16, using same language from original complaint). The class has not yet been certified although a motion is currently pending.

3

to the court's attention by responding to the questions on the civil case cover sheet or in the electronic filing system." E.D. Mich. L.R. 83.11(b)(7)(C). Finally, the Local Rule states that

> [w]hen it becomes apparent to the Judge to whom a case is assigned and to a Judge having an earlier case number that two cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number.

E.D. Mich. L.R. 83.11(b)(7)(D).

Defendant Thomas argues that the instant case is a companion to Judge Cox's aforementioned cases because all of the cases allege violations of the TCPA and involve a woman named Caroline Abraham who ran a business that allegedly sent facsimile advertisements on behalf of the named defendants. (Def.'s Mot. at 2). Defendant Thomas further argues that the plaintiffs in all of these cases are represented by the same attorneys and that all four cases form the same series of events. Finally, Defendant Thomas argues that such a reassignment is "mandatory".

As an initial matter, the Court recognizes that a decision to reassign an action is one of discretion on the part of the Judge to whom the case is assigned and also the Judge having the earlier assigned case. *See Jones v. Allen Park*, 167 F. App'x 398, 409 (6th Cir. 2006) (holding "[t]he district court's decision regarding whether or not to reassign a companion case is reviewed for an abuse of discretion.") (citing *Gen. Motors Corp. v. Buha*, 623 F.2d 455, 458 (6th Cir. 1980)); *see also Darwich v. City of Dearborn*, 2013 WL 5172010, * 1 (E.D. Mich. Sept. 13, 2013). Indeed, despite Defendant Thomas's contention that the language of Local Rule 83.11 is "not discretionary; it is mandatory", the Local Rule is in fact inherently discretionary as it states that a reassignment is ultimately dependant upon the consent of the Judge having the earlier case number. *See* E.D. Mich. L.R. 83.11(b)(7)(D). Other courts in this district have recognized this

fact and found Local Rule 83.11 "does not provide for, nor invite, motions by counsel. As the rule plainly states, reassignment decisions lie within the *collective* discretion of the *judges* to whom the cases are assigned, and the Chief Judge with respect to subsection (2)." *See Choon's Design, LLC v. Zenacon, LLC*, No. 13-13568, 2014 WL 1400104, at *2 (E.D. Mich. Apr. 10, 2014) (emphasis in original); *Pio v. General Motors Co.*, No. 14-11191, 2014 WL 2764120, at *1 (E.D. Mich. June 18, 2014) (finding same); *see also United States v. Gordon*, 2012 WL 6193837, *2 (E.D. Mich. Dec. 12, 2012) (Cox, J.) (evaluating identical language in the Eastern District of Michigan Local Criminal Rules regarding reassignment of companion criminal cases and finding: "[t]he plain language of that rule asserts that it is not mandatory, instead [the Judges with the earlier case numbers] have to consent to the reassignment.")

In the instant case, the Court notes that reassignment of this case would not aid in judicial economy or docket efficiency when the cases before Judge Cox have progressed further in litigation (indeed, all three cases have recently been dismissed). Further, to the extent Defendant Thomas's motion is properly before this Court, the Court finds that while all the cases involve an alleged violation of the TCPA and the same "fax broadcaster", each case involves a different fax sent on a different date, each case involves a different putative class, and there is no overlap in the defendants' identities. Therefore, the Court finds this case is not a companion to Judge Cox's aforementioned cases.[2]

---

[2] Plaintiff claims Defendant Thomas is forum shopping in seeking to have the case reassigned and Defendant Thomas argues that Plaintiff is forum shopping in seeking to keep the case before this Court. Interestingly, the Court notes that on April 27, 2010, Defendant Thomas filed a response to Plaintiff's motion for leave to file an amended complaint in this action that not only referenced *Machesney v. Lar-Bev of Howell, Inc., et al.*, case no. 10-10085, but also attached an order from that case to his motion as an exhibit. (ECF No. 12, Ex. D). That Order in *Machesney,* which dismissed the action for lack of subject matter jurisdiction, was also

III. CONCLUSION

Accordingly, the Court DENIES Defendant's Motion to Reassign Case (ECF No. 57).

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 25, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 25, 2014.

s/Deborah Tofil
Case Manager

---

referenced and attached to Plaintiff's April 7, 2010 response to Defendant Thomas's motion to dismiss.  (ECF No. 8, Ex. B).

In that *Machesney* Order, Judge Cox observed that "[t]his action is one of two recently filed putative class actions asserting TCPA claims that has been assigned to this Court" and stated in a footnote that "Plaintiff's Counsel has also recently filed several other similar actions in the Eastern District of Michigan."  (*See* ECF No. 12, Ex. D at 1 n. 1).