UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPRESSOR ENGINEERING
CORPORATION,

       Plaintiff,

                                       Case number: 10-10059

v.                                          Paul D. Borman
                                          United States District Judge

CHARLES J. THOMAS, JR.,

       Defendant.
_____/

ORDER DENYING DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S ORDER
DENYING DEFENDANT'S MOTION FOR CERTIFICATION OF ORDER FOR PURPOSES
OF INTERLOCUTORY APPEAL AND MOTION TO STAY CASE PENDING ANY APPEAL
(ECF NO. 75)

      Now before the Court is Defendant Charles J. Thomas, Jr.'s "Objection to Order of Magistrate Judge Dated January 13, 2014 Denying Defendant's Motion for Certification of Order For Purposes of Interlocutory Appeal and Motion to Stay Case Pending Any Appeal". (Objection, ECF No. 75). For the following reasons the Court will deny Defendant Thomas' Objection.

## I. BACKGROUND

      This Court has previously summarized the pertinent background facts, stating:

> Prior to this case, Plaintiff's counsel had filed, on June 29, 2009, a different class action complaint against Defendant Thomas in Wayne Count Circuit Court, *Central Alarm Signal, Inc. v. Chicken Shack, Inc*., et al., No. 09-015989-NZ ("*Central Alarm*"). The *Central Alarm* case, like the case before this Court, alleged a class action violation of the TCPA against Defendant Thomas as well as Chicken Shack, Inc. and Chicken Shack Depot, Inc. (Pl.'s Resp. to Def.'s Mot. to Dismiss, Ex. C-1, *Central Alarm* Compl.) The plaintiff in the *Central Alarm* case filed a motion for voluntary dismissal, and the case was voluntary with prejudice

>on November 19, 2009.  (Pl.'s Resp. to Def.'s Mot. to Dismiss, Ex. C-4, *Central Alarm* Dismissal.)  The state court never issued a decision on class certification in the *Central Alarm* case.

(ECF No. 43, Opinion and Order denying Def.'s Mot. to Dismiss); *Compressor Eng. Corp. v. Chicken Shack, Inc.*, No. 10-10059, 2013 WL 4413752, *2 (E.D. Mich. Aug. 15, 2013) (footnote omitted)).  After the dismissal of the *Central Alarm* action, Plaintiff's counsel, now representing Compressor Engineering Inc., filed the present action before this Court.

On August 15, 2013, this Court denied Defendant Thomas' Motion to Dismiss based a statute of limitations grounds finding that the four year statute of limitations as set forth under federal law in 28 U.S.C. § 1658 was applicable to Plaintiff's TCPA claim.  The Court also rejected Defendant Thomas' argument regarding equitable tolling based on *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988) which held "the pendency of a previously filed class action does not toll the limitations period for additional class actions by putative members of the original asserted class."  *Andrews,* 851 F.2d at 149.  The Court noted that Defendant Thomas' reliance on *Andrews* was "undercut" by the more recent and more factually analogous Sixth Circuit decision of  *In re Vertrue, Inc. Marketing and Sales Practice Litigation*, 719 F.3d 474 (6th Cir. 2013), in which the Sixth Circuit factually distinguished *Andrews* as applying to cases in which class certification had previously been denied.  *Compressor Eng. Corp.*, No. 10-10059, 2013 WL 4413752, *4-5.  In *In re Vertrue*, the Sixth Circuit had explained that "where no court has definitively ruled on class certification ... the risk motivating our decision in *Andrews* – namely, repetitive and indefinite class action lawsuits addressing the same claims– is simply not present here, we hold that the commencement of the original ... class action tolled the statute of limitations under *American Pipe* [*and Construction Co. v Utah*, 414 U.S. 538 (1974)]".  *In re*

*Vertrue*, 719 F.3d at 479-80.  Accordingly, the Court determined that in this action, brought by a putative member of the class in the *Central Alarm* action, and where "like *In re Vertrue*, no court has definitely ruled on class certification", the statute of limitations had been tolled for both the Plaintiff's individual claims as well as for the class action claim.  *Compressor Eng. Corp.*, No. 10-10059, 2013 WL 4413752, *6.

Thereafter, Defendant Thomas filed a "Motion for Certification of Order and Motion to Stay Case Pending Any Appeal Pursuant to Fed.R.Civ.P. 54(b) and 28 U.S.C. 1292(b)" (ECF No. 50) that was referred to the Magistrate Judge for a decision.  In his Motion, Defendant Thomas requested that the denial of his motion to dismiss be certified for interlocutory appeal and argued that there was a difference of opinion between *Andrews* and *In re Vertrue* "because both case[s] involved the same set of facts; that is, a prior class action that was dismissed before there was certification of the class.  The difference between the instant case and the Sixth Circuit cases it that in the instant case there was never a motion to certify the class ever filed, rather, the matter was voluntarily dismissed."  (ECF No. 50, Def.'s Br. at 2).  Specifically, Defendant Thomas requested that the issues that needed to be addressed by the Sixth Circuit on appeal were:

> (1) when a class action is filed in a state court beyond that state statute of limitation period but before the federal statute of limitations run, and when no motion for certification of class is filed in the state court action and the matter is voluntarily dismissed, does the state action toll the federal statute of limitations for the putative members of the class asserted? (2) when a class action is filed in a state court arguably within both the state and federal statutes of limitations, but plaintiff files no motion for certification of the class before the matter is voluntarily dismissed, does the state court action toll the federal statute of limitations for the putative members of the class asserted?

(ECF No. 50, at 3-4).

3

The Magistrate Judge rejected Defendant Thomas' request to certify the denial of his motion to dismiss pursuant to Federal Rule of Civil Procedure 54(b) finding that: (1) the present action does not involve multiple claims or multiple parties as required by Rule 54(b); (2) the Sixth Circuit has held that a "denial of a motion to dismiss, even when the motion is based on jurisdictional grounds, is not immediately reviewable", *Rosenstein v. Merrell Dow Pharmaceuticals, Inc.*, 769 F.2d 352, 353 (6th Cir. 1985) (citation omitted); and (3) the final collateral order exception is not applicable. (ECF No. 70, at 3-5). Further, the Magistrate Judge found there was no difference in opinion between *Andrews* and *In re Vertrue* because each decision addressed a separate factual scenario, stating "[t]he distinction lies in whether or not the issue of class certification was ruled upon prior to dismissal in the first of the two actions. If it was, then *Andrews v. Orr* applies, and the statute of limitations is not tolled. If it was not, then *In re Vertrue* applies, and the statute is tolled as to putative class members." (ECF No. 70, at 5-6). Accordingly, the Magistrate Judge found there was no basis to grant the "extraordinary remedy" of certifying an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (*Id.*).

## II.  STANDARD OF REVIEW

Here, where the defendant objects to a non-dispositive matter, the Court cannot reverse the magistrate judge's decision unless it was "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a). The United States Supreme Court and the Sixth Circuit have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th

Cir 1992) (quoting *U.S. Gypsum Co.*).

This standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently. *See Anderson v. City of Bessemer City., N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Haworth, Inc. v. Herman Miller, Inc*., 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994)). As a result the reviewing court must employ "independent judgment with respect to the magistrate judge's conclusions of law." *Id*.

## III. ANALYSIS

Defendant Thomas now objects to the Magistrate Judge's Order arguing that the *Central Alarm* action could never have risen to the level of a class action where "[s]uit was filed in state court after the expiration of the three-year statute of limitations, M.C.L. 600.58[0]5(10). If there was a tolling until denial of certification of the class, that tolling meant nothing as the statute of limitations had already expired under Michigan law." (Def.'s Obj. at 3). Defendant Thomas then reasons because the *Central Alarm* action could never have been certified a class action the factual distinction the Magistrate Judge relied upon between *Andrews* and *In re Vertrue* (whether or not the class certification was ruled upon prior to dismissal) is a "faulty technicality". (*Id*. at 3-4).

First, the Court notes that Defendant Thomas does not object to the Magistrate Judge's ruling regarding the inapplicability of Fed. R. Civ. P. 54(b). Further, the Court recognizes that

Defendant Thomas' current argument was not set forth in his Motion to Certify and therefore was never properly before the Magistrate Judge. Indeed, Defendant Thomas previously argued in his Motion to Certify that there was difference in opinion between *In re Vertrue* and *Andrews* because those cases involved the same set of facts but provided different outcomes (an argument which the Magistrate Judge correctly rejected in his Order). Defendant Thomas then asserted in his Motion to Certify that the "difference between the instant case and the Sixth Circuit cases is that in the instant case there was never a motion to certify the class ever filed, rather, the matter was voluntarily dismissed." (ECF No. 50, at 2).

Defendant Thomas' Objection, however, appears to be based upon the argument that *Central Alarm* action was governed by Michigan's three year statute of limitations and where the three year statute of limitations had run, no class action could ever have been certified. Defendant Thomas argues that this creates an "anomaly" that must be addressed by the Sixth Circuit. (Obj. at 3).

First, courts have found that where a party fails to raise an argument before a magistrate, those argument cannot then be raised in a later objection. *See Murr v. United States*, 200 F.3d 895, 901 n. 1 (6th Cir. 2000); *but see Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n. 2 (6th Cir. 2010) (noting that the Sixth Circuit has "not squarely addressed whether a party may raise new arguments before a district court judge that were not presented to the magistrate judge" but recognizing *Murr* as an "indication" that a party cannot do so.) Moreover, even if this argument is not waived, the Court addressed and resolved this issued explicitly in its August 15, 2013 Opinion and Order, finding that the federal four year statute of limitations applies to Plaintiff's TCPA claim and further finding that Plaintiff's TCPA claim is not governed by Michigan

substantive law. (ECF No. 43); *Compressor*, No. 10-10059, 2013 WL 4413752, *6. Defendant Thomas' attempt to end around the Sixth Circuit's decision in *In re Vertrue* does not create a difference of opinion such that an interlocutory appeal is necessitated. Finally, Defendant Thomas' Objection fails to evidence that the Magistrate Judge's holding that *Andrews* and *In re Vertrue* are factually distinguishable is contrary to law or clearly erroneous. Accordingly, the Court finds Defendant Thomas' Objection is without merit.

## IV. CONCLUSION

For all the reasons stated above, the Court DENIES Defendant Thomas' Objection.

IT IS SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2014

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 30, 2014.

s/Deborah Tofil  
Case Manager