UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPRESSOR ENGINEERING
CORPORATION,

        Plaintiff,

                                                  Case number: 10-10059

v.                                               Paul D. Borman
                                               United States District Judge

CHARLES J. THOMAS, JR.,

        Defendant.

_____/

<u>OPINION AND ORDER DENYING
DEFENDANT'S AMENDED MOTION TO DISMISS (ECF NO. 79)</u>

Before the Court is Defendant Charles J. Thomas, Jr.'s ("Thomas") "Amended Motion To Dismiss Pursuant To F.R.C.P. 12(b)(1) For the Reason That This Court Currently Lacks Subject Matter Jurisdiction". (ECF No. 79). Plaintiff Compressor Engineering Corporation responded (ECF No. 83) and Defendant Thomas thereafter filed a reply (ECF No. 84). Then, on November 26, 2014 Defendant filed a supplemental reply. (ECF No. 107).

The Court held a hearing on this matter on November 12, 2014. For the all the reasons set forth below, the Court shall DENY Defendant's motion to dismiss.

## I. BACKGROUND

A.    Procedural history

On January 6, 2010, Plaintiff filed the instant class action complaint under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 against Defendants Chicken Shack, Inc., Chicken Shack Depot, Inc., and Charles Thomas, Jr. (ECF No. 1). On February 5, 2010,

Defendant Thomas filed a motion to dismiss arguing the Court lacked subject matter jurisdiction over Plaintiff's TPCA claims. (ECF No. 5). Plaintiff then filed a Motion for Leave to File Amended Complaint. (ECF No. 8). On May 21, 2010, Magistrate Judge Virginia Morgan denied Plaintiff's motion to amend finding it was futile because the Court lacked subject matter jurisdiction. (ECF No. 14). On July 19, 2010, this Court dismissed the complaint holding that the Court lacked subject matter jurisdiction over the TCPA claims. (ECF No. 18). Plaintiff filed a notice of appeal on July 22, 2010. (ECF No. 21).

On May 17, 2011, the United States Court of Appeals for the Sixth Circuit entered an Order remanding this case for reconsideration in light of its recent decision, *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459 (6th Cir. 2010). (ECF No. 23). *EchoStar* held that federal district courts do have subject matter jurisdiction over TCPA claims.

Thereafter, on June 22, 2012, the Court entered an Opinion and Order that reopened this action in light of *EchoStar* and also ordered Plaintiff to show cause why Defendants Chicken Shack, Inc. and Chicken Shack Depot, Inc. should not be dismissed for lack of prosecution. (ECF No. 24). The Order also required the parties file supplemental briefing on Defendant Thomas's motion to dismiss and Plaintiff's motion to amend. (*Id.*).

On August 15, 2013, this Court denied Defendant Thomas's motion to dismiss, granted Plaintiff's motion to correct the class description and denied Plaintiff's request to add certain parties as defendants. The Court also dismissed Chicken Shack, Inc. and Chicken Shack Depot, Inc. without prejudice leaving Defendant Thomas as the sole defendant. (ECF No. 43). On September 5, 2013, Plaintiff filed its Amended Complaint. (ECF No. 46).

Defendant Thomas sought certification of the Court's order denying his motion to dismiss

and to stay the case pending appeal pursuant to Federal Rules of Civil Procedure 54(b) and 28 U.S.C. § 1292(b). (ECF No. 50). The Court recently affirmed the Magistrate Judge's order denying that motion on September 30, 2014. (ECF No. 105). Defendant Thomas also sought to reassign this action alleging it was a companion to other cases before United States District Court Judge Sean Cox. That request was denied by the Court on September 25, 2014. (ECF No. 104).

B. Factual Background

Plaintiff alleges in its Amended Complaint that Defendant Thomas sent an unsolicited advertisement to Plaintiff's fax machine on November 6, 2005. (Am. Compl. ¶ 12). Plaintiff further alleges that Defendant Thomas has sent similar unsolicited advertisements via fax machine to at least 39 other recipients. (*Id.* ¶ 14). Plaintiff claims that this conduct violated the TCPA. Plaintiff is attempting to bring this class action on behalf of "All persons that are holders of telephone numbers to which a facsimile transmission was sent on behalf of Defendant advertising or promoting the goods or services of Defendant at any time from August 13, 2005 to present (The Class Period)."[1] (*Id.* ¶ 16).

On January 16, 2014, Defendant Thomas served Plaintiff with an offer of Judgment pursuant to Fed. R. Civ. P. 68. (ECF No. 74). On February 27, 2014, Defendant filed the instant

---

[1] The Court notes that Plaintiff's Amended Complaint failed to amend the class description as proposed in its Motion to Amend and as approved by this Court in its August 15, 2013 Order. Compare, Am. Compl. ¶ 16, describing the class as "all persons ... to which a facsimile transmission was sent on behalf of Defendant ... at any time from August 13, 2005 to present (Class Period)" rather than the approved amended class description as described in this Court's Order, (ECF No. 43, at *12-13) that limited the scope of the class to all persons to which a facsimile transmission was sent on behalf of Defendants at any time from November 6, 2005 to June 29, 2009.) The class has not yet been certified.

3

Motion to Dismiss based on Plaintiff's failure to respond or accept the offer of judgment.[2] (ECF No. 79).

## II. STANDARD OF REVIEW

The United States Court of Appeals for the Sixth Circuit has described motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) as falling within two categories:

> A *facial* attack is a challenge to the sufficiency of the pleading itself. On such motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party .... a *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to factual allegations .... And the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

*United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (internal citations omitted) (emphasis in original). "Under a facial attack, all of the allegations in the complaint must be taken as true, much as with a Rule 12(b)(6) motion." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012) (citation omitted).

Here, Defendant Thomas attacks the factual existence of subject matter jurisdiction based on the argument that Plaintiff's claim is moot which requires exploration outside the face of the complaint: specifically an inquiry regarding Defendant Thomas's Offer of Judgment. Where the Court is faced with such a factual attack "the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Id.* (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996)); *see also KNC Investments,*

---

[2] Defendant Thomas filed his original motion to dismiss on February 14, 2014 (ECF No. 78).

*LLC v. Lane's End Stallions, Inc.*, --- F. App'x ---, 2014 WL 4290159, * 2 (6th Cir., Sept. 2, 2014) (finding a challenge to the existence of subject matter jurisdiction pursuant to Rule 12(b)(1) was a factual challenge because the district court analyzed the complaint in light of a later filed amended complaint).

"The 'heavy burden of demonstrating mootness' lies with the party claiming that the case is moot". *Id.* (quoting *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 530-31 (6th Cir. 2001). The Sixth Circuit recently summarized the issue:

> Article III of the United States Constitution limits the jurisdiction of the federal court to "cases" and "controversies," U.S. Const. art. III, 2, cl. 1, "a cradle-to-grave requirement' that must be satisfied at the time a plaintiff first brings suit and must remain satisfied at the time a plaintiff first brings suit and must remain satisfied throughout the life of the case, *Fialka-Feldman v. Oakland Univ. Bd. of Tr.*, 639 F.3d 711, 713 (6th Cir. 2011). The limitation requires a party who invokes the jurisdiction of the federal courts to "demonstrate that he possesses a legally cognizable interest, or 'personal stake,' in the outcome of the case. *Genesis Healthcare Corp. v. Symczyk*, --- U.S. ---, 133 S.Ct. 1523, 1528 (2013) (quoting *Camreta v. Greene*, --- U.S. ---, 131 S.Ct. 2020, 2028 (2011)). If after filing a complaint the claimant loses a personal stake in the action, making it "impossible for the court to grant any effectual relief whatever," the case must be dismissed as moot. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

*Hrivnak v. NCO Portfolio Management, Inc.*, 719 F.3d 564, 566-67 (6th Cir 2013).

III. ANALYSIS

On January 16, 2013, Defendant Thomas offered Plaintiff a judgment pursuant to FED. R. CIV. P. 68. (ECF No. 74). The Offer of Judgment provided Plaintiff with relief in the "amount of One Thousand Five Hundred ($1,500.00) Dollars, together with the cost of the action and the reasonable attorney fee[s] incurred through the date of this offer as determined by the Court." (*Id.*). Plaintiff did not respond to the Offer of Judgment within fourteen days of being served

with the offer. FED. R. CIV. P. 68(a); (*see also* Pl.'s Resp. at 1). Defendant Thomas now moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction claiming that its claims are moot in the face of the unaccepted offer of judgment.

In the recent *Genesis Healthcare Corp. v. Symczyk* decision, the Supreme Court assumed without deciding that a named plaintiff's individual claims in a collective action pursuant to the Fair Labor Standards Act ("FLSA") were mooted by an by an unaccepted offer of judgment pursuant to Rule 68. *Id.*, --- U.S. ---, 133 S.Ct. 1523 (2013). The Supreme Court then found that the named plaintiff's collective action claims were also moot because "[i]n the absence of any claimant's opting in, respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action." *Id.* at 1529. The Supreme Court limited its holding in *Genesis Healthcare* to collective actions pursuant to the FLSA and explained that Rule 23 class actions were "fundamentally different from collective actions under the FLSA ..." *Id.* at 1529. The Supreme Court also took care to state that it was neither addressing nor resolving the "question [of] whether a Rule 68 offer that fully satisfied the plaintiff's claims is sufficient by itself to moot the action". *Id.* at 1529 n. 4 (collecting cases illustrating the split in the Circuits regarding this issue).

The Sixth Circuit, however, has spoken on this issue in the context of a class action brought pursuant to FED. R. CIV. P. 23 and held that when "the named plaintiff's claim becomes moot *before* certification, dismissal of the action is required." *Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993) (citation omitted) (emphasis in original). The Sixth Circuit has also found that an unaccepted offer of judgment pursuant to Rule 68 "that satisfies a plaintiff's entire demand moots the case ..." and the court must then "enter judgment in favor of the

6

plaintiffs in accordance with the defendants' Rule 68 offer of judgment". *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574 (6th Cir. 2009), *but see Diaz v. First Am. Home Buyers Protection Corp.*, 732 F.3d 948, 952-55 (9th Cir. 2013) (collecting cases illustrating the split in the Circuits regarding whether a defendant's unaccepted offer of judgment pursuant to Rule 68 that satisfies all of plaintiff's requested relief can moot a plaintiff's claims, and ultimately holding that Justice Kagan's dissent which rejected that proposition in *Genesis Healthcare* was the correct approach); *see also Genesis Healthcare*, 133 S.Ct. at 1534 (Kagan, J., dissenting) ("So a friendly suggestion to the Third Circuit: Rethink your mootness-by-unaccepted-offer theory. And a note to all other courts of appeals: Don't try this at home.").

In the present action, Defendant Thomas claims that his unaccepted Rule 68 offer of judgment effectively mooted Plaintiff's individual claim as well at the yet-to-be-certified class claims because the offer was "the full amount of damages allowed under the statute under any circumstance and costs of the action and reasonable attorney fees" and therefore constituted "the full amount of the recovery [Plaintiff] seeks." (ECF No. 79, Def.'s Mot. at 1). Plaintiff argues first that Defendant Thomas's demand does not fully satisfy its demand, and alternatively argues that Defendant Thomas's offer of judgment was a "pick off" tactic which should be denied because Plaintiff has a pending motion to certify the class.

A.  Did the Rule 68 Offer of Judgment offer Plaintiff Full Relief?

The issue in the present case is whether Defendant's offer of judgment pursuant to Rule 68 offered Plaintiff all of its requested relief. As set forth above, to moot a case or controversy the offer of judgment must satisfy the plaintiff's *entire* demand. *O'Brien*, 575 F.3d at 574; *see also Hrivnak*, 719 F.3d at 567 (collecting cases from other circuits finding same). "An offer

7

limited to the relief the *defendant* believes is appropriate does not suffice." *Hrivnak*, 719 F.3d at 567 (emphasis in original).

This issue was very recently before the Sixth Circuit in a factually analogous case, *Hrivnak v. NCO Portfolio Management, Inc.*, 719 F.3d 564 (6th Cir. 2013). In *Hrivnak*, the plaintiff sued several companies and a law firm alleging they had violated Fair Debt Collection Practices Act ("FDCPA") and an Ohio consumer protection law for monetary and injunctive relief on behalf of a class of similarly situated individuals. *Id.*, at 565. The action was removed to federal court and shortly thereafter the defendants made an offer of judgment pursuant to Rule 68 offering the plaintiff $7,000.00 and reasonable attorney fees to be determined by the parties counsel, or if they could not agree, to be determined by the court. *Id.*, at 566. The plaintiff moved to strike the offer and also to certify the class while the defendants claimed the case was now moot in the face of its rejected offer of judgment. The district court concentrated on the issue of the "significance of an allegation of mootness with respect to the individual claims in a complaint when the Rule 68 offer occurs before the claimant files a motion for class certification." *Id.* The district court ultimately held that the case should proceed because "defendants could not establish that Hrivnak had exhibited a 'lack of diligence' in pursuing certification". *Id.* After denying the defendants' motion for reconsideration on the same mootness arguments, the district court certified the issue for immediate interlocutory appeal. *Id.*

In *Hrivnak*, the Sixth Circuit skirted the issue of whether the offer of judgment mooted the "class-claims argument." *Id.* at 567. Rather, the Sixth Circuit held that the defendants had failed to offer the plaintiff everything he asked for - his "entire demand" – and therefore the case was not moot. *Id.* The Sixth Circuit explained:

8

> [a]n offer limited to the relief the *defendant* believes is appropriate does not suffice. The question is whether the defendant is willing to meet the plaintiff on his terms. ... mootness occurs only when the offer is accepted or the defendant indeed offers to provide every form of individual relief the claimant seeks in the complaint.

*Id.* at 568. The Sixth Circuit noted that the defendants had only offered to satisfy "those demands *they* believed were legitimate under state law and the FDCPA." *Id.* at 568. Indeed, the plaintiff had requested $25,000, reasonable attorney's fees, and injunctive and declaratory relief, but was only offered $7,000 plus costs and attorney's fees. *Id.* The Sixth Circuit reasoned that the defendants were confusing the merits of a claim and the existence of a live controversy, and so long as the plaintiff had claims that were "not so insubstantial that they failed to present a federal controversy, the defendants' Rule 68 offer did not deprive the court of subject matter jurisdiction." *Id.* (citation and internal quotation marks omitted). Accordingly, where the Sixth Circuit determined that the defendants had failed to offer full relief to the plaintiff, the action was not mooted by defendants' offer of judgment.

The instant case is analogous to *Hrivnak* where Plaintiff has requested certain relief that is not reflected in Defendant Thomas's offer of judgment - here, injunctive relief. Indeed, Plaintiff does not attempt to dispute that Defendant Thomas's offer of $1,500 is the full statutory amount of damages Plaintiff would be entitled to under the TCPA.[3] Rather, Plaintiff argues that Defendant Thomas's unaccepted offer of judgment failed to satisfy its entire demand because it did not offer injunctive relief against "further violations" of the TCPA as set forth in Plaintiff's

---

[3] Pursuant to the TCPA, a party can bring an action for "actual monetary loss" or "to receive $500 in damages per violation, which ever is greater. 47 U.S.C. § 227(b)(3)(B). However, if the violation was wilful or knowing, a court may in its discretion "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) [*i.e.* $500 per violation]". 47 U.S.C. § 227(b)(3).

Amended Complaint. (ECF No. 46, at 9). Defendant Thomas contends that Plaintiff's argument has no merit because there will be no more fax transmissions and cites to deposition testimony from the "fax blaster" Defendant Thomas previously hired, and also Plaintiff's expert report that found there was only one facsimile transmission. (*See* Def.'s Reply at 2).

Defendant Thomas's argument is a muddled one at best. He argues that "Plaintiff's injunctive prayer for relief is of no consequence with regard to the instant motion." (Def.'s Reply at 2). He then goes on to conclude that "plaintiff has to show on a Motion to Dismiss based upon Rule 68, that the plaintiff will be again subject to the alleged offending activity" and quotes the standards to meet the requirements for injunctive relief. Thus, it appears that Defendant Thomas is attempting to argue that Plaintiff's injunctive relief is a request without merit.

In the context of a Rule 68 offer of judgment post *Hrivnak*, it is clear that: "mootness occurs only when the offer is accepted or the defendant indeed offers to provide every form of individual relief the claimant seeks in the complaint" unless the claims are "so insubstantial that it fails to present a federal controversy." *Hrivnak*, 719 F.3d at 568, 569 (citation omitted). Indeed, "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin*, 568 U.S. --- , 133 S.Ct. 1017, 1023 (2012); *see also Genesis Healthcare Corp.*, 133 S.Ct. at 1534 (Kagan, J., dissenting) (citing same). Therefore, the correct inquiry is whether Plaintiff's injunctive claim is "so insubstantial" that it fails to present a federal controversy. If it does, then full relief has been offered by Defendant Thomas and Plaintiff's failure to accept it will moot the action regardless of whether a certification motion is pending. *See Brunet*, 1 F.3d at 399 (6th Cir. 1993) ("Once a class is

certified, the mooting of the named plaintiff's claim does not moot the action, the court continues to have jurisdiction to hear the merits of the action if a controversy between any class member and the defendant exists" however, if "the named plaintiff's claim becomes moot *before* certification, dismissal of the action is required.") (citations omitted) (emphasis in original).

The Sixth Circuit has not elucidated what makes a claim so insubstantial that it does not set forth a federal controversy. However, *Hrivnak* relies upon *Moore v. Lafayette Life Ins., Co.*, 458 F.3d 416 (6th Cir. 2006) for the standard which in turn relies upon *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998), for the proposition that "that dismissal for lack of subject matter jurisdiction because of inadequacy of a federal claim is proper only when a claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit so as not to involve a federal controversy.'" *Moore*, 458 F.3d at 444-45 (quoting *Primax Recoveries, Inc. v. Gunter*, 433 F.3d 515, 519 (6th Cir. 2006) (citing *Steel Co.*, 523 U.S. at 89.)). The Supreme Court further explained in *Steel Co.* that subject matter jurisdiction of a district court cannot be defeated even when there is a possibility that the

> 'averments might fail to state a cause of action upon which petitioners could actually recover.' Rather, the district court has jurisdiction if the right of the petitioners to recover under the complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another unless the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial or frivolous.'

*Steel Co.*, 523 U.S. at 89 (internal citations omitted). Given this reasoning, it appears that an "insubstantial claim" is one that was created solely to manufacture subject matter jurisdiction or one that is so frivolous that it is beyond the scope of reason. Neither of these descriptions fit Plaintiff's injunctive relief claims.

11

Defendant Thomas appears to be asking for this Court to improperly determine the merits of Plaintiff's injunctive claim at the time Defendant Thomas made its Rule 68 Offer of Judgment and *then* evaluate whether Defendant Thomas's Offer of Judgment fully satisfies Plaintiff's requests for relief. There is no case law cited by Defendant Thomas or that exists in this Circuit that would allow the Court to evaluate Plaintiff's claim in such a fashion. Indeed, to the extent Defendant Thomas's argument addresses the merits of Plaintiff's injunctive claim, the Sixth Circuit is clear that where a party's argument hinges on the merits of the claim or even the legal availability of a claim, that argument should be made in a motion to dismiss for failure to state a claim, not a motion to dismiss for lack of subject matter jurisdiction.[4] Defendant Thomas also appears to argue that Plaintiff's claim for injunctive relief is moot merely because the particular "fax blaster" he initially used is out of business but this argument does not eliminate the possibility that such "fax blasting" could be accomplished by another company at Defendant Thomas's direction.

Further, the case law Defendant Thomas does rely upon is inapposite to his arguments and the facts of this case. First, he points to *Holstein v. City of Chicago*, 29 F.3d 1145 (7th Cir. 1994) a non-binding Seventh Circuit decision. In *Holstein*, a declaratory judgment action, the

---

[4] The Court notes that three TCPA cases before United States District Judge Sean Cox were dismissed after motions for certification were denied and after each defendant filed unaccepted offers of judgment pursuant to Rule 68 that satisfied the plaintiffs' requested relief. *See APB Assoc., Inc. v. Bronco's Saloon, Inc.*, No. 09-14959, 2014 WL 4145344 (E.D. Mich., Aug. 20, 2014); *Compressor Eng. Corp. v. Manufacturers Fin. Corp.*, No. 09-14444, 2014 WL 3420482 (E.D. Mich. July 14, 2014); *Machesney v. Lar-Bev of Howell, Inc.*, No. 10-10085, 2014 WL 3420486 (E.D. Mich., July 14, 2014). In all three cases, each offer of judgment included an agreement that the defendant would agree to submit to an injunction prohibiting them from sending any other unsolicited facsimile advertisements in violation of the TCPA. *See Machesney*, No. 10-10085, 2014 WL 3420486, at *1; *APB Assoc.*, No. 09-14959, 2014 WL 4145344, at * 1; *Manufacturers Fin. Corp.*, No. 09-14444, 2014 WL 3420482, at * 2.

lower court found that the plaintiff's claims became moot before he filed for class certification when the city defendant determined the towing of plaintiff's vehicle was improper, reversed and dismissed all the charges against him, and attempted to refund the fees that were assessed to him. *Id.* at 1147. The Seventh Circuit then determined that the only way the plaintiff could avoid dismissal was to demonstrate that "his claim on the merits, while no longer live is 'capable of repetition, yet evading review." *Id.* The Seventh Circuit then determined that it was "not 'so inherently transitory' that [plaintiff] can avoid the mootness doctrine". *Id.* at 1148. *Holstein* does not contemplate a Rule 68 offer of judgment but rather the issue whether a declaratory action rendered moot was so transitory in nature that it fell under the exception of mootness, and was "capable of repetition, yet evading review." *Id.* at 1147.

Defendant Thomas's current motion is seeking to moot Plaintiff's claim based on its unaccepted offer of judgment pursuant to Rule 68. Defendant Thomas's apparent attempt to also have the Court then separately address and assess Plaintiff's remaining claim is at odds with the Sixth Circuit's treatment of *Hrivnak. See also Buslepp v. B&B Entertainment, LLC*, No. 12-60089, 2012 WL 4761509, *3 (S.D. Fla. Oct. 5, 2012) (finding that an offer of judgment that was silent as to whether it included the requested injunctive relief did not constitute "the full relief sought by Plaintiff" and accordingly did not moot the plaintiff's TCPA claims) *Valencia v. Affiliated Group. Inc.*, No. 07-61381, 2008 WL 4372895, *2 (S.D. Fla. Sept. 24, 2008) (holding that an offer of judgment did not satisfy a plaintiff's entire demand because "Defendant did not offer to satisfy Plaintiff's demand for declaratory and injunctive relief"); *but see, Goans v. Acquisitions, Inc. v. Merchant Solutions, LLC*, No. 12-00539, 2013 WL 5408460 *4-5 (W.D. MO, Sept. 26, 2013) (finding that an unaccepted offer of judgment did not address the requested

injunctive relief under the TCPA but concluding that it was of no moment because the request for injunctive relief was "improperly broad" and therefore not "a viable claim and, thus, need not be included in a valid offer of judgment.").

Defendant Thomas also relies upon an unpublished Sixth Circuit decision, *Gawry v. Countrywide Home Loans, Inc.*, 395 F. App'x 152 (6th Cir. 2010), a case in which mortgagors brought a class action (which was split into two separate classes) against a mortgagee alleging it had violated federal and state laws regarding prepayment and/or refinancing penalties.[5] In *Gawry*, the named plaintiffs of one sub-class (the Gawrys) voluntarily settled their claims with a defendant before that sub-class was certified. The Sixth Circuit found that in that circumstance those plaintiffs no longer had a live case or controversy and could not represent that class. *Id.* at 156. The Sixth Circuit also held that a different plaintiff (Carr), who was the named plaintiff of the second sub-class, no longer had standing to represent the yet-uncertified sub-class. *Id.* at 156-57. That plaintiff, Carr, had requested rescission or reformation of a mortgage rider to eliminate a certain provision, as well as a declaration of the rider violates an Ohio law and "unspecified equitable and injunctive relief." *Id.* at 157. The Sixth Circuit affirmed the lower court in holding that the expiration of the prepayment rider at issue foreclosed Carr's request for reformation and rescission, and explained that "in the contest of a declaratory judgment action, allegations of past injury alone are not sufficient to confer standing. The plaintiff must allege and/or demonstrate actual present harm or a significant possibility of a future harm." *Id.* (quoting *Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006)). Again, Defendant Thomas's reliance on

---

[5] It is unclear from Defendant Thomas's briefing exactly what part of the decision he is relying upon.

14

*Gawry* is misplaced as it does not address an unaccepted offer of judgment pursuant to Rule 68 or a sufficiently analogous factual scenario.

Finally, Defendant Thomas cites to *O'Brien* noting that the court dismissed the plaintiff's FLSA claims after an unaccepted offer of judgment pursuant to Rule 68 that did not offer a sum certain for plaintiff's attorney's fees. 575 F.3d at 574-75. Defendant Thomas's reliance on *O'Brien* is misplaced. The defendants in *O'Brien*, while not offering a sum certain for attorney's fees, did offer to pay costs accrued and a reasonable fee to be determined by the court. *See id.* at 575. The Sixth Circuit noted that the FLSA provided that a court should allow for such fees and therefore the defendants' "offer to pay the reasonable attorneys' fee as determined by the court is consonant with the statutory language which requires that the court 'allow' the reasonable fee when it awards a judgment to a FLSA plaintiff." *Id.* Therefore, *O'Brien* is inapposite where the defendants actually addressed the particular relief that the plaintiff sought and the court found that its offer was consistent with the statutory language of the statute in question.

In summary, the Court will deny Defendant Thomas's motion to dismiss based on lack of subject matter jurisdiction for the reason that Defendant Thomas's offer of judgment failed to satisfy Plaintiff's "entire" demand as required by *Hrivnak*.[6]

---

[6] As the Court has determined that Defendant Thomas's Rule 68 offer of judgment does not satisfy all of its requested demands, the Court need not address Plaintiff's alternative argument that it was dilatory in filing its certification motion and the fact that such a motion is pending should allow its claims to proceed. However, the Court does note that Plaintiff's position is inapposite to binding Sixth Circuit case law which sets forth that when a plaintiff's claim "becomes moot *before* certification, the dismissal of the action is required" but "once a class is certified, the mooting of the named plaintiff's claim does not moot the action ..." *Brunet*, 1 F.3d at 399 (internal citation omitted, emphasis in original); *see also Hanover Grove Consumer Housing Co-Operative v. Berkadia Commercial Mortg. LLC*, No. 13-013553, 2014 WL 354674 (E.D. Mich. Jan. 31, 2014) (Cohn, J.) (relying upon *Brunet* and *O'Brien* in holding that a plaintiff's individual and class claims were mooted by an unaccepted pre-class certification Rule

## IV. CONCLUSION

For all these reasons, the Court DENIES Defendant's motion to dismiss for lack of subject matter jurisdiction. (ECF No. 79).

IT IS SO ORDERED.

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: FEB 1 9 2015

---

68 offer of judgment which "covered all of plaintiff's individually requested relief" and entered a judgment in favor of plaintiffs in accordance with the defendant's Rule 68 offer).