UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPRESSOR ENGINEERING
CORPORATION,

    Plaintiff,

v.

CHARLES J. THOMAS, JR.,

    Defendant.
_____/

Case No.: 10-10059

Paul D. Borman
United States District Judge

## OPINION AND ORDER (1) DENYING DEFENDANT'S MOTION TO STAY THE PROCEEDINGS (ECF NO. 111); AND (2) DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY (ECF NO. 116)

Before the Court is Defendant Charles J. Thomas's Motion to Stay the Proceedings. (ECF No. 111.) Plaintiff filed a response and Defendant thereafter filed a reply. (ECF Nos. 113, 114.) Defendant has also filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) or in the Alternative Stay the Proceedings. (ECF No. 116.) Plaintiff filed a response to that motion and Defendant filed a reply. (ECF Nos. 117, 118.)

The Court finds that the Motion to Stay and the Motion to Dismiss or in the Alternative Stay the Proceedings are adequately briefed and there is no need for oral argument. FED. R. CIV. P. 78(b); E.D. MICH. LR 7.1(f)(2). For the reasons set forth below, the Court will deny Defendant's motion to stay (ECF No. 111) and deny in part and grant in part Defendant's motion to dismiss or in the alternative stay the proceedings (ECF No. 116).

I. Background

This is one of more than a hundred "junk fax" cases that have been filed by Plaintiff's attorneys in courts around the country involving facsimiles sent by the company "B2B" that allegedly violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, as amended by the Junk Fax Prevention Act of 2005.

Plaintiff alleges in its Amended Complaint that Defendant sent an unsolicited advertisement to Plaintiff's fax machine on November 6, 2005. (Am. Compl. ¶ 12.) Plaintiff further alleges that Defendant has sent similar unsolicited advertisements via fax machine to at least 39 other recipients. (*Id.* ¶ 14.) Plaintiff claims that this conduct violated the TCPA. Plaintiff is attempting to bring this class action on behalf of "All persons that are holders of telephone numbers to which a facsimile transmission was sent on behalf of Defendant advertising or promoting the goods or services of Defendant at any time from August 13, 2005 to present (The Class Period)." (*Id.* ¶ 16.)

Currently, Plaintiff's Motion to Certify the Class is pending before this Court. (ECF No. 82.) Defendant filed its Motion to Stay (ECF No. 111) and its Motion to Dismiss and in the Alternative Stay the Proceedings (ECF No. 116) after the Court took Plaintiff's Motion to Certify under advisement.

II. Motion to Dismiss

On October 12, 2015, Defendant filed a Motion to Dismiss or in the Alternative a Motion to Stay the Proceedings (ECF No. 116.) Defendant states that he made an Offer of Judgment to Plaintiff pursuant to Rule 68 on September 25, 2015, and that offer provided that Defendant was willing to stipulate to the entry of judgment in the amount of $1,500.00, and stipulate to an order enjoining Defendant from sending any other unsolicited facsimile advertisements in violation of the

TCPA. Defendant also agreed to pay for Plaintiff's costs through the date of acceptance of the Offer of Judgment. (ECF No. 116, Ex. A, Offer of Judgment.) Defendant contends that this represents the full amount of damages Plaintiff could possibly recover pursuant to the statute. It is undisputed that Plaintiff did not respond to the Offer of Judgment and the offer has since lapsed.

Defendant now argues that because his Rule 68 offer of judgment provided for all the recovery Plaintiff could receive, the current action is moot, and accordingly the Court must dismiss this case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).[1] Challenges to subject matter jurisdiction fall within two categories: facial or factual. In the instant case, Defendant attacks the factual basis for subject matter jurisdiction which requires exploration outside the face of the complaint. Where the Court is faced with a factual attack on subject matter jurisdiction, "the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012) (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996)). Therefore, this Court can consider Defendant's offer of judgment and Plaintiff's failure to accept that offer in its evaluation of Defendant's motion to dismiss.

The Sixth Circuit has explained the mootness doctrine as follows:

Article III of the United States Constitution limits the jurisdiction of the federal court to "cases" and "controversies," U.S. Const. art. III, 2, cl. 1, "a cradle-to-grave requirement' that must be satisfied at the time a plaintiff first brings suit and must remain satisfied at the time a plaintiff first brings suit and must remain satisfied throughout the life of the case, *Fialka-Feldman v. Oakland Univ. Bd. of Tr.*, 639 F.3d 711, 713 (6th Cir. 2011). The limitation requires a party who invokes the jurisdiction

---

[1] The Court notes that Defendant previously moved to dismiss this action based on an earlier Offer of Judgment and the same legal argument. (*See* ECF No. 79.) This Court denied Defendant's previous motion finding that Defendant had not mooted Plaintiff's claim because he had not offered the injunctive relief he sought. (ECF No. 108, at *6.)

3

> of the federal courts to "demonstrate that he possesses a legally cognizable interest, or 'personal stake,' in the outcome of the case. *Genesis Healthcare Corp. v. Symczyk*, --- U.S. --- , 133 S.Ct. 1523, 1528 (2013) (quoting *Camreta v. Greene*, --- U.S. --- , 131 S.Ct. 2020, 2028 (2011)). If after filing a complaint the claimant loses a personal stake in the action, making it "impossible for the court to grant any effectual relief whatever," the case must be dismissed as moot. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

*Hrivnak v. NCO Portfolio Management, Inc.*, 719 F.3d 564, 566-67 (6th Cir 2013).

Plaintiff argues that an unaccepted offer of judgment made after a motion for certification is filed, briefed, and taken under advisement does not moot his claim and also that Defendant did not offer it all of its requested relief and therefore his claim is not mooted.

The Supreme Court recently issued its decision in *Campbell-Ewald Co. v. Gomez*, Slip Op., No. 14-857, 2016 WL 228345 (Jan. 20, 2016), which definitively answered the question of whether an unaccepted offer of judgment made pursuant to Rule 68 can moot a plaintiff's claims in this context.[2] The Supreme Court, which had previously reserved this question in *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. ---, 133 S.Ct. 1523 (2013), held that such an unaccepted offer has "no force. Like other unaccepted contract offers, it creates no lasting right or obligation. With the offer off the table, and the defendant's continuing denial of liability, adversity between the parties persists." *Gomez*, 2016 WL 228345, at * 3.

---

[2] While *Gomez* addressed the situation of an offer of judgment that was made prior to a motion for certification, it is clear that the same logic applies in this context where the offer of judgment came *after* a motion for certification was filed, briefed, and taken under advisement. *See e.g.*, *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 624-25 (6th Cir. 2005) (addressing the issue of "the effect of a Rule 68 offer of judgment in a case where class certification is pending but has not yet been granted" and affirming a district court's denial of a motion to dismiss as moot because the motion to certify had been filed and fully briefed, a report and recommendation had been issued by a magistrate judge recommending that the class be certified, and the offer of judgment had been made to both the individual plaintiffs and the members of the putative class.)

4

In *Gomez*, Jose Gomez filed a TCPA class action against the Campbell-Ewald Company ("Campbell") alleging that Campbell had violated the statute by sending him, and others, a text message advertisement that he had not consented to receive. *Id.* at *3-4. Before Gomez filed a motion for class certification, Campbell made him an offer of judgment pursuant to Rule 68. Gomez did not accept the settlement offer. Thereafter, Campbell filed a motion to dismiss pursuant to Rule 12(b)(1) arguing that Gomez's claim was mooted because it had offered him complete relief under the statute. *Id.* at *4. Additionally, Campbell argued that the putative class members' claims were also mooted because Gomez had not moved for class certification prior to his claim becoming moot. *Id.* The district court denied the motion, and the Ninth Circuit affirmed that decision finding that an unaccepted Rule 68 offer of judgment that would fully satisfy a plaintiff's individual claim did not render the claim moot, and that the unaccepted offer also did not moot the class action. *Id.*

The Supreme Court has now affirmed the Ninth Circuit's decision and adopted the reasoning of Justice Kagan in her *Genesis* dissent, holding:

> When a plaintiff rejects such an offer – however good the terms – her interest in the lawsuit remains just what it was before. And so to does the court's ability to grant her relief. An unaccepted settlement offer – like any unaccepted contract offer – is a legal nullity, with no operative effect. As every first-year law student learns, the recipient's rejection of an offer 'leaves the matter as if no offer had ever been made.' *Minneapolis & St. Louis R. Co. v. Columbus Rolling Mill*, 119 U.S. 149, 7 S. Ct. 168, 30 L.Ed. 376 (1886). Nothing in Rule 68 alters that basic principle; to the contrary, that rule specifies that '[a]n unaccepted offer is considered withdraw.' Fed. Rule Civ. Proc. 68(b). So assuming the case was live before – because the plaintiff had a stake and the court could grant relief – the litigation carries on, unmooted." *Ibid.*

*Id.* at 6 (quoting *Genesis*, 133 S. Ct. At 1533-34 (Kagan, J., dissenting)).

Based on the Supreme Court's decision in *Gomez*, the Court rejects Defendant's argument that an unaccepted offer of judgment pursuant to Rule 68 made after a motion for certification is

5

filed, briefed, and taken under advisement mooted Plaintiff's individual claims or the claims of the putative class members. Accordingly, Defendant's request to dismiss this action based on lack of jurisdiction is DENIED.

### III. Motions to Stay

Defendant also moved to stay the proceedings in this action pending the Supreme Court's decision in *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S.Ct. 1892 (Apr. 27, 2015) and *Tyson Foods, Inc. v. Bouaphakeo*, 765 F.3d 791 (8th Cir. 2014), *cert. granted* 135 S.Ct. 2806 (June 8, 2015).[3] (ECF Nos. 111, 116.) Plaintiff argues that both of these cases are distinguishable from the present case and that a stay should not be granted.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626 (6th Cir. 2014) (citing *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) (holding "the District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.")); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he burden is on the party seeking the stay to show that there is a pressing need for delay, and that neither of the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

A. *Tyson Foods, Inc. v. Bouaphakeo*

In *Bouaphakeo*, the named plaintiffs represented a class of employees at Tyson Food Inc.'s

---

[3] To the extent Defendant also sought a stay based on the Supreme Court's decision in *Gomez* or the Sixth Circuit's decision in *Imhoff Investment v. Alfoccino, Inc.*, 792 F.3d 627 (6th Cir. 2015), those requests are moot.

("Tyson") meat processing plant who sued Tyson for not paying wages in violation of the Fair Labor Standards Act ("FLSA") and a state wage law. *Bouaphakeo*, 765 F.3d at 794. After a jury returned a large verdict for the class, Tyson appealed to the Eighth Circuit and argued that the district court erred in certifying the state wage claim as a class action pursuant to Rule 23 and erred in certifying the FLSA claim as a collective action. *Id.* at 795. Tyson argued that plaintiffs had impermissibly relied upon a formula to prove liability. *Id.* at 798. "To prove damages, plaintiffs use[d] individual timesheets, along with average times calculated from a sample of 744 observations of employee donning, doffing, and walking. Plaintiffs' expert testified that the sample was large for this type of study, representative and approximately random." *Id.* at 799. A divided Eighth Circuit ultimately affirmed the district court's certifications of the class and collective action. The Eighth Circuit found that the plaintiffs did not erroneously rely upon a sample set of class members and extrapolate that finding to the entire class, but rather proved "liability for the class as a whole, using employee time records to establish individual damages." *Id.* at 798. The Eighth Circuit concluded that the evidence offered by plaintiffs was "sufficient" to support a "'reasonable inference' of classwide liability." *Id.* (citation omitted).

In its petition for certiorari to the Supreme Court, Tyson seeks review of two issues: (1) whether "statistical techniques that presume all class members are identical to the average observed in a sample" may be used to establish a "reasonable inference" of damages rather than individual inquiry; and (2) whether a Rule 23 class action or a FLSA collective action may be certified or maintained "when the class contains hundreds of members who were not injured and have no legal right to any damages." Petition for a Writ of Certiorari, No. 14-1146, 2015 WL 1285369, at * i (Mar. 19, 2015), *cert. granted* 135 S.Ct. 2806 (June 8, 2015).

7

Defendant argues that the Supreme Court's forthcoming decision in *Bouaphakeo* will have a "profound effect" on the pending action before this Court. Defendant contends that similar to the plaintiffs in *Bouaphakeo*, who relied upon statistical data to determine an average injury for class members (rather than engage in an individual inquiry); here, Plaintiff relies upon its expert's report which analyzed a computer generated list of telephone or fax numbers derived from B2B's hard-drive to prove an injury in fact. (ECF No. 114, at 1.) Defendant also argues that the list of numbers is not sufficient to show that the people or entities to whom the number belongs actually suffered an injury and have standing. (ECF No. 114, at 3.)

The Court finds Defendant's arguments unpersuasive and *Bouaphakeo* distinguishable. First, it is clear that the "bunch of numbers" that Plaintiff's expert relied upon are the fax and telephone numbers to which B2B allegedly sent an fax advertisement on behalf of Defendant. (*Id.*) This evidence, and how it is to be used, is distinguishable on its face from the data and evidence in *Bouaphakeo*: there is no statistical analysis, sampling, or extrapolation at issue in this action. Indeed, because the TCPA provides for fixed statutory damages award (either $500 or $1500) per violation there is no need for the type of analysis at issue in *Bouaphakeo*.

Further, Defendant's argument that the putative class could be rife with potential class members who lack standing is also unavailing. In *Bouaphakeo*, Tyson argued that the evidence produced at trial showed many class members "did not work overtime and would receive no FLSA damages even if Tyson under-compensated [the time they spent] donning, doffing, and walking." *Bouaphakeo*, 765 F.3d at 797. In the present action, Defendant argues that the potential class members in this action may lack standing based on a number of grounds, *inter alia*, failure to receive the fax, the existence of an established business relationship with Plaintiff, or the fact that the

business entity no longer exists.

Pursuant to the TCPA "the plain language of the statute prohibits the 'use of any telephone facsimile machine, computer, or other device to *send*, to a telephone facsimile machine, an unsolicited advertisement." *American Copper & Brass, Inc. v. Lake City Ind. Prods.*, 757 F.3d 540, 544 (6th Cir. 2014) (emphasis added) (citing 47 U.S.C. § 227(b)(1)(C)). Therefore, receipt of the fax advertisement is not is required under the TCPA. *Id.* (explaining that "True, Congress was generally concerned with the costs associated with unsolicited fax advertisements. But unsolicited fax advertisements impose costs on all recipients, irrespective of ownership and the cost of paper and ink, because such advertisements waste the recipients' time and impede the free flow of commerce."); *Jackson Five Star Catering, Inc. v. Beason*, No. 10-10010, 2013 WL 5966340, *2-3 (E.D. Mich. Nov. 8, 2013) (finding same and collecting authority).

Additionally, this case is in a different procedural posture than the parties in *Bouaphakeo* who appealed a jury verdict. Here, Defendant's concerns are all issues implicating the ascertainability of the class and can be determined after the class is certified. *See Chapman v. Wagener Equities, Inc.*, 747 F.3d 489, 492 (7th Cir. 2014) (finding that "[h]ow many (if any) of the class members have a valid claim is the issue to be determined *after* the class is certified. Recipients of faxes who don't have rights under the Telephone Consumer Protection Act just wouldn't be entitled to share in the damages awarded to the class by a judgment or settlement.").

In summary, the Court finds that the issues the Supreme Court is likely to decide in *Bouaphakeo* are unlikely to affect the present case and do not warrant staying the action.

B.      *Robins v. Spokeo, Inc.*

Next, Defendant contends that the Supreme Court's forth coming decision in *Spokeo*

9

warrants this Court staying the present case. *See Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S.Ct. 1892 (Apr. 27, 2015). In *Spokeo*, the plaintiff, Thomas Robins, filed an action against Spokeo, a company that operated a website that provided users with information about other people, including age, occupation, and wealth level. Robins claimed that Spokeo had willfully violated the Fair Credit Reporting Act ("FCRA") because its website contained false information about him. *Spokeo*, 742 F.3d at 410. *Spokeo* moved to dismiss the action and argued that Robins failed to allege an injury in fact and that he lacked standing under Article III. Robins claimed he was damaged by Spokeo because the misinformation caused "actual harm to his employment prospects" and remaining unemployed had cost Robins money and caused him stress and worry. *Id.* at 411. Ultimately, the district court dismissed the complaint and held Robins had failed to plead an injury in fact and that his injuries were not traceable to any alleged FRCA violations.

On appeal, the Ninth Circuit reversed the district court and held that alleged violations of a plaintiff's "statutory rights are sufficient to satisfy the injury-in-fact requirement of Article III" and found that "the violation of a statutory right is usually a sufficient injury in fact to confer standing." *Id.* at 412, 413-14. The Ninth Circuit explained that Robins did not need to show actual harm because "the statutory cause of action does not require a showing of actual harm when a plaintiff sues for willful violations." *Id.* at 412.

In its petition for certiorari to the Supreme Court, Spokeo seeks review of one issue: "Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Petition for a Writ of Certiorari,

10

No. 13-1339, 2014 WL 1802228, at *i (May 1, 2014), *cert. granted*, 135 S.Ct. 1892 (Apr. 27, 2015). Spokeo also noted in its petition for certiorari that the issue raised, while in the context of the FRCA, would also "have the additional practical benefit of resolving the same constitutional issue as it arises under many more federal statutes" including the TCPA. *Id.* at *16. Defendant argues that the issue in *Spokeo* is relevant to the present action because it will address whether Plaintiff has suffered an injury in fact sufficient to satisfy Article III standing.

The Court finds that issue before the Supreme Court in *Spokeo* is likely to directly affect the present action because both the FRCA and the TCPA "create a right to statutory damages without requiring proof of actual injury." *Hannahan Endodontic Grp. v. Inter-Med, Ind.*, No. 15-C-1038, 2016 WL 270224, *1 (E.D. Wis. Jan. 20, 2016) (granting motion to stay in a TCPA case pending the Supreme Court's decision in *Spokeo*, and comparing 15 U.S.C. § 1681n(a)(1)(A) and 47 U.S.C. § 227(b)(3).) In the present action, unlike the plaintiff in *Spokeo*, Plaintiff did affirmatively plead that it suffered actual harm from Defendant's violations of the TCPA and requested specific damages. (ECF No. 43, Am. Compl., at ¶¶ 3, 22, 28.) However, Plaintiff also seeks statutory damages and an injunction pursuant to the TCPA on behalf of itself and a putative class. Therefore, the Supreme Court's decision in *Spokeo* may speak to whether this Court has subject matter jurisdiction over this action or whether a class can be certified. Moreover, many other district courts have who have addressed this issue have found it appropriate to stay the case pending the resolution of *Spokeo*. *See Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. and Annuity Corp.*, No. , 2015 WL 6579779, * 2 (E.D. Cal. Oct. 19, 2015) (collecting cases staying TCPA and FRCA proceedings pending the disposition of *Gomez*, *Spokeo*, or both).

The Court also finds that a stay in this action is not likely to prejudice or harm Plaintiff, the

11

putative class, or the public because oral argument in *Spokeo* occurred in November and a decision should be forthcoming before the end of the Supreme Court's current term.

For all these reasons, the Court DENIES Defendant's request to stay based on *Bouaphakeo* (ECF No. 111) but GRANTS Defendant's request to stay the proceedings based on *Spokeo* (ECF No. 116.).

## IV. CONCLUSION

For the reasons set forth above, the Court will DENY Defendant's Motion to Stay (ECF No. 111) and GRANT IN PART and DENY IN PART Defendant's Motion to Dismiss or in the Alternative Stay the Proceedings (ECF No. 116) such that this case is STAYED pending the Supreme Court decision in *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S.Ct. 1892 (Apr. 27, 2015).

IT IS SO ORDERED.

Dated: **FEB 0 3 2016**

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

12