UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

| | |
|---|---|
| COMPRESSOR ENGINEERING, CORPORATION, individually and as the representative of a class of similarly situated persons,<br><br>    Plaintiff,<br>v<br><br>Charles J. Thomas, Jr.,<br><br>    Defendant. | Court No: 10-cv-100059<br>Honorable Paul D. Borman<br>Mag. R. Steven Whalen |

JASON J. THOMPSON (P47184)
Sommers Schwartz, P.C.
One Town Sq., 17th Floor
Southfield, MI 48076
jthompson@sommerspc.com
Co-Counsel for Plaintiff

BRIAN J. WANCA
Anderson + Wanca
3701 Algonquin Road #500
Rolling Meadows, IL 60008
buslit@andersonwanca.com
rkelly@andersonwanca.com
Co-Counsel for Plaintiff

PHILLIP A. BOCK
Bock & Hatch, LLC
134 N. LaSalle Street, Ste. 1000
Chicago, IL 60602
phil@classlawyers.com
tod@bockhatchllc.com
Co-Counsel for Plaintiff

DENISE L. MITCHAM (P33208)
Conklin Benham, P.C
30700 Telegraph Rd., Ste. 2580
Bingham Farms, MI 48025
dmitcham@conklinbenham.com
Co-Counsel for Defendant

ERIC L. SAMORE
SmithAmundsen LLC
150 N. Michigan Ave., Ste. 3300
Chicago, IL 60601
esamore@salawus.com
Co-Counsel for Defendant

**DEFENDANT'S MOTION TO LIFT THE
STAY AND FOR LEAVE TO FILE A SUPPLEMENTAL
MEMORANDUM IN OPPOSITION TO CLASS CERTIFICATION**

1

Defendant, CHARLES THOMAS, JR., by and through his attorneys, SmithAmundsen LLC and Conklin Benham, P.C., respectfully requests that this Court to lift the stay currently in place pending the United States Supreme Court's Decision in *Spokeo, Inc. v. Robins* and grant him leave to file a supplemental memorandum in opposition to class certification.

As set forth more fully in the attached Memorandum, this matter has been stayed in light of "the Supreme Court decision in *Robins v. Spokeo*." *Compressor Eng'g Corp. v. Thomas*, No. 10-10059, 2016 WL 438963, *6 (E.D. Mich. Feb. 3, 2016). That decision issued on May 16, 2016 and a revised opinion on May 24, 2016. *Spokeo, Inc. v. Robins*, — U.S. —, 136 S. Ct. 1540, 1550 (2016), *as revised* (May 24, 2016). Consequently, Defendant now respectfully requests that this Court lift the stay.

In the event that the Court decides to lift the stay due to the *Spokeo* ruling, Defendant, Charles J. Thomas, Jr. ("Defendant" or "Thomas"), respectfully requests that this Court grant him leave to file his Second Supplemental Memorandum in Opposition to Class Certification, attached as **Exhibit 1** to his supporting Memorandum. This Supplemental Opposition addresses three additional defenses that Defendant believes will materially assist the court in resolving the issue of class certification. First, Defendant seeks leave to raise the following, never previously asserted argument. The claims of the putative class

members are time-barred as none of the putative class members in this action were members of the putative class in a timely-filed action. *Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 353-54, 103 S.Ct. 2392 (1983). Thus, Plaintiff seeks to represent persons whose claims are time barred—a "class" of zero persons with viable claims that may be certified. *Guy v. Lexington–Fayette Urban Cnty.,* 488 Fed. Appx. 9, 22 (6th Cir.2012) *cert. denied*, 133 S.Ct. 547 (2012). Second, Defendant seeks leave to file the attached Supplemental Memorandum to cite and discuss the impact of a May 9, 2016 decision by the Sixth Circuit involving the same fax broadcaster in this case. *See Siding & Insulation Co. v. Alco Vending, Inc.*, No. 15-3551, 2016 WL 2620507, *12-13 (6th Cir. May 9, 2016). Third, Defendant respectfully requests leave to submit his Supplemental Memorandum to address the Supreme Court's decision in *Spokeo, Inc. v. Robinson.*

For the reasons set forth in his supporting memorandum, Defendant believes that these arguments will materially assist this Court in decided whether the class may properly be certified. Counsel for defendant spoke with counsel for plaintiff, Ryan Kelly, on June 23, 2016 to determine whether Plaintiff opposed this motion and the filing of the Defendant's Second Supplemental Opposition to Class Certification. The parties were not able to reach an agreement on the issue. Of note, recently, the parties have agreed to mediate this matter on September 9, 2016, before Thomas M. Peters, Vandeveer Garzia PC. in Troy Michigan.

WHEREFORE, Defendant CHARLES J. THOMAS, Jr. requests this Court enter an order granting its Motion to Lift the stay and for leave to file his second supplemental memorandum in opposition to class certification, and for such other relief as this Court deems appropriate.

                                Respectfully Submitted,

                By:      /s/ Eric L. Samore
                            Attorneys for Defendant

Eric L. Samore, ARDC # 6181345
SMITH AMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200

Denise L. Mitcham (P33208)
Conklin Benham, P.C.
30700 Telegraph Rd. Ste 2580
Bingham Farms, MI 48025
(248) 593-2450

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

| | |
|---|---|
| COMPRESSOR ENGINEERING, CORPORATION, individually and as the representative of a class of similarly situated persons, ) ) ) ) ) ) | |
| Plaintiff, ) | Court No: 10-cv-100059 |
| v ) ) | Honorable Paul D. Borman Mag. R. Steven Whalen |
| Charles J. Thomas, Jr., ) ) | |
| Defendant. ) | |

| | |
|---|---|
| JASON J. THOMPSON (P47184)<br>Sommers Schwartz, P.C.<br>One Town Sq., 17th Floor<br>Southfield, MI 48076<br>jthompson@sommerspc.com<br>Co-Counsel for Plaintiff | DENISE L. MITCHAM (P33208)<br>Conklin Benham, P.C<br>30700 Telegraph Rd., Ste. 2580<br>Bingham Farms, MI 48025<br>dmitcham@conklinbenham.com<br>Co-Counsel for Defendant |
| BRIAN J. WANCA<br>Anderson + Wanca<br>3701 Algonquin Road #500<br>Rolling Meadows, IL 60008<br>buslit@andersonwanca.com<br>rkelly@andersonwanca.com<br>Co-Counsel for Plaintiff | ERIC L. SAMORE<br>SmithAmundsen LLC<br>150 N. Michigan Ave., Ste. 3300<br>Chicago, IL 60601<br>esamore@salawus.com<br>Co-Counsel for Defendant |
| PHILLIP A. BOCK<br>Bock & Hatch, LLC<br>134 N. LaSalle Street, Ste. 1000<br>Chicago, IL 60602<br>phil@classlawyers.com<br>tod@bockhatchllc.com<br>Co-Counsel for Plaintiff | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION TO LIFT THE STAY AND FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO CLASS CERTIFICATION**

Defendant, CHARLES THOMAS, JR., by and through his attorneys, SmithAmundsen LLC and Conklin Benham, P.C., and submits the following brief in support of his motion to lift the stay and file a supplemental memorandum in opposition to class certification.

The instant lawsuit arises from a fax allegedly sent on November 6, 2005 advertising two corporate entities that operate as "Chicken Shack" restaurants in Lincoln Park and South Gate, Michigan. Dkt. 1-1. Plaintiff, Compressor Engineering Corporation ("Plaintiff" or "Compressor") filed its motion for class certification on March 10, 2014, Dkt. 82; Defendant filed its response on March 31, 2014, Dkt. 85, and a supplemental opposition for purposes of submitting subsequently taken expert deposition testimony and to respond to a Sixth Circuit opinion regarding TCPA class actions on August 14, 2014. Dkt. 96-1. Plaintiff then sought leave to cite a Northern District of Illinois case as supplemental authority in support of class certification, Dkt. 99, as well as a District of New Jersey decision. Dkt. 110. A hearing on class certification was held on May 28, 2015.

This Court stayed this matter "pending the Supreme Court decision in *Robins v. Spokeo*" on February 3, 2016. *Compressor Eng'g Corp. v. Thomas*, No. 10-10059, 2016 WL 438963, *6 (E.D. Mich. Feb. 3, 2016). On May 9, 2016, the United States Court of Appeals for the Sixth Circuit issued a ruling regarding

6

liability under the TCPA for faxing conducted by a third-party faxing prior to August 2006. *Siding & Insulation Co. v. Alco Vending, Inc.*, No. 15-3551, 2016 WL 2620507 (6th Cir. May 9, 2016). The Supreme Court issued its decision ruling in *Spokeo, Inc. v. Robins* on May 16, 2016 and a revised opinion on May 24, 2016, reversing the Ninth Circuit's decision on grounds that Ninth Circuit had "failed to fully appreciate the distinction between concreteness and particularization." *Spokeo, Inc. v. Robins*, — U.S. —, 136 S. Ct. 1540, 1550 (2016), *as revised* (May 24, 2016). Recently, the parties have agreed to mediate this matter on September 9, 2016, before Thomas M. Peters, Vandeveer Garzia PC. in Troy Michigan.

In the event that the Court decides to lift the stay due to the *Spokeo* ruling, Defendant, Charles J. Thomas, Jr. ("Defendant" or "Thomas"), respectfully requests that this Court grant him leave to file his Second Supplemental Memorandum in Opposition to Class Certification, attached hereto as **Exhibit 1.** Defendant believes that the defenses set forth in therein will materially assist this Court in reaching a just and fair resolution on Plaintiff's motion for class certification for three reasons.

First, Defendant seeks leave to raise an argument, never previously asserted, that directly impacts whether the Rule 23 criteria have been met. Plaintiff has conceded, as it must, that this action was not filed within the four-year statute of limitations period. Dkt. 8, p. 12. As this Court previously found: "the

7

commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Compressor Eng'g Corp. v. Chicken Shack, Inc.*, No. 10-CV-10059, Dkt. 43, p. 8, 2013 WL 4413752, *4-5 (E.D. Mich. Aug. 15, 2013), *quoting Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 353-54, 103 S.Ct. 2392 (1983). However, none of the putative class members in this action were members of the putative class in the earlier-filed action that Plaintiff relies on for tolling. As a result, the putative class members' claims in this action could not have been tolled by the earlier filed action. *Crown, Cork & Seal Co.,* 462 U.S. at 353-54. Thus, Plaintiff seeks to represent persons whose claims are time barred—a "class" of zero persons with viable claims that may be certified. *Guy v. Lexington–Fayette Urban Cnty.,* 488 Fed. Appx. 9, 22 (6th Cir.2012) *cert. denied*, 133 S.Ct. 547 (2012).

Of import, although this Court has previously ruled that the statute of limitations was tolled for the class alleged in first lawsuit it did not determine whether this class does, in fact, include members of the putative class now asserted in the Motion for Class Certification. *Compressor Eng'g Corp.*, Dkt. 43, pps. 8-14, 2013 WL 4413752, *4-6. In fact, the current class definition was not before the

Court at the time it ruled this issue. Dkt. 1-1, Dkt. 43, p. 12, *compare* Dkt. 82, p.1.[1]

This deficiency—that the putative class is not sufficiently numerous because each member's claim is time barred—is properly considered at this juncture because it is dispositive of class certification. Class certification demands a "rigorous analysis" and proof that there are "*in fact* sufficient numerous parties, common questions of law or fact, etc." *Wal–Mart Stores, Inc. v. Dukes,* — U.S. —,131 S.Ct. 2541, 2551, (2011). *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 417 (6th Cir.2012), *quoting Wal–Mart*, 131 S.Ct. at 2551. These requirements "cannot be waived away…" *Langbecker v. Electronic Data Sys. Corp.,* 476 F.3d 299, 314 (5th Cir. 2007). In short, consideration of this argument in the Supplemental Memorandum will materially assist the Court in reaching a just and fair decision regarding whether class certification will be granted.

---

[1] Plaintiff sued Thomas, Chicken Shack, Inc. and Chicken Shack Depot, Inc. on January 6, 2010, Dkt. 1; Dkt. 9. It subsequently admitted that the corporations were "mistakenly sued," Dkt. 27, p. 7; in fact, they were not advertised in the fax and have been dismissed. Plaintiff then moved to add the correct entities and to amend the class definition. Dkt. 27.Thomas opposed the motion to add as time-barred and sought dismissal on grounds that class tolling: (1) does not apply cross-jurisdictionally; (2) expired when certification was not timely sought; and, (3) does not permit "stacking" of class claims. Dkts. 26, 31. The Court held that the statute of limitations was tolled for the claims alleged by "all members of the putative class" in the prior state court action and that tolling applied to both "individual and class action" claims. Dkt. 43, pps. 8, 10. It denied the motion to dismiss and leave to add South Shack I and South Shack II and allowed leave to amend the class definition. *Id.,* pps. 14-15. Defendant filed an objection, arguing for a three year statute of limitations and sought to certify the order for appeal regarding the "stacking" argument, Dkts. 50, 75, which were denied. Dkts. 70, 105.

Second, Defendant seeks leave to file the attached Supplemental Memorandum to cite and discuss the impact of a May 9, 2016 decision by the Sixth Circuit involving the same fax broadcaster in this case. *See Siding & Insulation Co. v. Alco Vending, Inc.*, No. 15-3551, 2016 WL 2620507, *12-13 (6th Cir. May 9, 2016). The Sixth Circuit held that to establish liability for faxing sent by a third party, a plaintiff must show that the faxes were sent on the defendant's behalf, a standard which "exists as a middle ground between strict liability and vicarious liability." *Id.* at *12-13 (6th Cir. May 9, 2016), *ref., Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.,* 781 F.3d 1245, 1257 (11th Cir. 2015). This decision is binding on this court and is directly applicable to this case. Defendant limited any potential faxing to no more than four-hundred persons located within a specific radius of the advertised restaurants. The holding *Siding & Insulation Co. v. Alco Vending, Inc.* requires a determination of whether faxes sent outside the scope of these limitations were sent "on behalf" Defendant—the result of which will impact Rule 23's requirements. Therefore, Defendant's Supplemental Memorandum will materially assist this Court's "rigorous analysis" whether Plaintiff's proposed class may properly be certified.

Third, Defendant respectfully requests leave to submit his Supplemental Memorandum to address the Supreme Court's decision in *Spokeo, Inc. v. Robinson*. The Supreme Court emphasized that a constitutionally sufficient injury-

in-fact must be concrete *and* particularized, reversing the lower court's decision on grounds that it had "failed to fully appreciate the distinction between concreteness and particularization." *Spokeo, Inc.,* 136 S. Ct. at 1548. An injury must impact the plaintiff "in a personal, individual way" and "actually exist" to pass muster. A "bare procedural harm" in the form of a statutory violation is insufficient. *Id.* at 1540. Application of the Court's analysis, here, will assist and insure proper resolution of Plaintiff's request for class certification.

WHEREFORE, Defendant CHARLES J. THOMAS, Jr. requests this Court enter an order granting its Motion to Lift the stay and for leave to file his second supplemental memorandum in opposition to class certification, and for such other relief as this Court deems appropriate.

Respectfully Submitted,

By:   /s/   Eric L. Samore
        Attorneys for Defendant

Eric L. Samore, ARDC # 6181345
SMITH AMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200

Denise L. Mitcham (P33208)
Conklin Benham, P.C.
30700 Telegraph Rd. Ste 2580
Bingham Farms, MI 48025
(248) 593-2450

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 24, 2016, he served **Defendant's Motion to Lift the Stay and for Leave to File a Supplemental Memorandum in Opposition to Class Certification**, **Defendant's Memorandum in Support of His Motion to Lift the Stay and for Leave to File a Supplemental Memorandum in Opposition to Class Certification** and **Defendant's Second Supplemental Memorandum in Opposition to Class Certification** (proposed), on all attorneys of record. This pleading was served upon the attorneys as listed above, through the Eastern District of Michigan PACER system.

[x] Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: June 24, 2016.

/s/ Eric L. Samore