## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

COMPRESSOR ENGINEERING ）
CORPORATION, individually and ）
as the representative of a class of ）
similarly situated persons, ）
                            ） No. 10 CV 10059
           Plaintiff, ）
                            ） Honorable Paul D. Borman
         v. ）
                            ）
CHARLES J. THOMAS, JR., ）
                            ）
         Defendant. ）

## AGREED MOTION FOR PRELIMINARY APPROVAL OF CLASS
## ACTION SETTLEMENT AND NOTICE TO THE CLASS

Plaintiff, Compressor Engineering Corporation ("Plaintiff"), on behalf of itself and a proposed settlement class of similarly-situated persons (identified herein as the "Settlement Class"), respectfully requests, pursuant to Fed. R. Civ. P. 23 (e), that the Court enter an order (1) preliminarily approving the parties' proposed class action Settlement Agreement (the "Agreement") attached to Plaintiff's supporting brief as Exhibit A, (2) approving the form of Class Notice attached as Exhibit 1 to the Agreement and its dissemination to the Settlement Class by fax and by mail to class members who cannot be reached by fax, and (3) setting dates for opt-outs, objections, and a

fairness hearing to take place no sooner than 90 days after the government officials receive the notice CAFA requires (to be served by defense counsel no later than 10 days after this motion, which attaches the Agreement, is filed with the Court).

A proposed Preliminary Approval Order is attached as Exhibit 2 to the Agreement and will be submitted to the Court electronically. This motion is unopposed.

Plaintiff has filed a brief in support of this motion.

Compressor Engineering Corp., on behalf of itself and the certified class

By: /s/ Phillip A. Bock
One of their attorneys

Jason Thompson
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield. MI 48076
Telephone: (248) 415-3206
Facsimile: (248) 746-4001

Phillip A. Bock
Tod A. Lewis
David M. Oppenheim
BOCK, HATCH, LEWIS &
OPPENHEIM LLC
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| COMPRESSOR ENGINEERING CORPORATION, individually and as the representative of a class of similarly situated persons, | ) ) ) ) ) ) No. 10 CV 10059 |
| Plaintiff, | ) Honorable Paul D. Borman |
| v. | ) ) |
| CHARLES J. THOMAS, JR., | ) ) |
| Defendant. | ) |

## BRIEF IN SUPPORT OF AGREED MOTION
## FOR PRELIMINARY APPROVAL OF
## <u>CLASS ACTION SETTLEMENT AND NOTICE TO THE CLASS</u>

Plaintiff, Compressor Engineering Corporation ("Plaintiff"), on behalf of itself and a proposed settlement class of similarly-situated persons (identified herein as the "Settlement Class"), respectfully requests that the Court preliminarily approve the proposed class action settlement (<u>Exhibit A</u>) and, in support thereof, states as follows:

## <u>STATEMENT OF THE ISSUES</u>

Whether the settlement embodied in the Settlement Agreement is "fair, reasonable and adequate" for the absent class members.

Whether the contents of the Class Notice agreed upon by the Parties are clear and concise, and meet the requirements of Rule 23 (c) (3).

Whether the agreed upon method for sending the Class Notice is reasonable, as required by under Rule 23 (e) (1).

## CONTROLLING AUTHORITY

- Federal Rule of Civil Procedure 23;

- *Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007);

- *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974);

## I.   Background of the litigation.

1.   Plaintiff's Second Amended Complaint alleges that
Defendant sent unsolicited advertisements by facsimile to Plaintiff and
others in violation of the Telephone Consumer Protection Act, 47 U.S.C.
§ 227 (the "TCPA"). The action seeks statutory damages.

2.   Plaintiff contends that Defendant's advertisements were
successfully sent by fax to 6,138 unique fax numbers.

3.   The Court granted class certification by order of December
29, 2016, certifying the following "Class": "All persons who were sent
one or more faxes on or about November 6, 2005 advertising 'Chicken
Shack' restaurant as offering 'Michigan's Best Chicken and Ribs." The
proposed settlement is on behalf of this Class.

4.   Defendant has denied liability to Plaintiff and the other
members of the Class on a variety of legal and factual grounds,
including arguments that Plaintiff and Plaintiff's counsel are
inadequate representatives of the Class, that individual issues of
established business relationships should prevent class treatment, that
the class should not include any person who did not own the receiving
fax machine, that plaintiff cannot prove receipt of the faxes, and that

neither Plaintiff nor the other class members have standing to bring claims. Plaintiff denies the merits of these arguments.

5.      Defendant has little ability to pay a settlement or judgment other than through its insurance policies. Defendant has policies with Allied Insurance Company (the "Insurer"). The Insurer has raised coverage defenses, and is defending this case under a reservation of rights.

6.      Following a mediation conducted by independent mediator Thomas Peters of Vanderveer Garzia, P.C., Troy, MI, the parties and the Insurer negotiated a formal, written settlement agreement, drafted proposed court orders, and drafted a proposed notice to the absent class members; and now they submit their Agreement to the Court.

## II.   Summary of the settlement.

7.      If finally approved by the Court after notice to the Settlement Class, the parties' settlement agreement would resolve this action and the controversy about Defendant's advertisements sent by fax on November 6, 2005 (the "Class Period").

8.      Plaintiff, Defendant, and the Insurer mediated and negotiated the settlement after reviewing and analyzing the legal and

4

factual issues presented by this action, the risks and expenses involved in pursuing the lawsuit to conclusion, the likelihood of additional litigation here and in two separate insurance coverage actions, and the likelihood, costs, and possible outcomes of one or more procedural and substantive appeals. They also reviewed and analyzed the legal and factual issues surrounding the questions and extent of Defendant's insurance coverage. Based upon their review and analysis, Plaintiff, Defendant, and the Insurer agreed to and executed the Agreement.

9.     The Agreement's key terms are as follows:

a.     <u>Certification of a Settlement Class</u>. The Parties have stipulated to certification of a Rule 23 (b) (3) "Settlement Class" defined in the same way the Court defined the class certified over Defendant's objection: "All persons who were sent one or more faxes on or about November 6, 2005 advertising 'Chicken Shack' restaurant as offering 'Michigan's Best Chicken and Ribs." Excluded from the Settlement Class are Defendant and Defendant's insurers, including any of their parents, subsidiaries, affiliates or controlled persons, as well as their officers, directors, agents, servants, and employees, and the immediate family

members of such persons, as well as the judges and staff of the
United States District Court for the Eastern District of Michigan.
*See* Agreement, Exhibit A, at ¶ 3.

      b.   The Class Representative and Class Counsel. The
parties have agreed that Plaintiff is the Class Representative and
that Plaintiff's attorneys (Phillip A. Bock and Tod A. Lewis of
Bock, Hatch, Lewis & Oppenheim LLC and Jason J. Thompson of
Sommers Schwartz, P.C.) are Class Counsel for the Settlement
Class. *Id.* at ¶ 4. The Court previously appointed Plaintiff and
these lawyers as representatives of the Class in its class
certification order.

      c.   Monetary Relief to the Members of the Settlement
Class. Defendant, by and through the Insurer, has agreed to make
available a total of $2,250,000.00 (the "Settlement Fund") to pay
valid class member claims, to pay an incentive payment to
Plaintiff (subject to the Court's approval), and to pay attorney's
fees and litigation costs and expenses to Class Counsel (subject to
the Court's approval), including administrative costs incurred by
the Settlement Administrator. Any money left in the Settlement

Fund after payments to claiming class members, to the Class

Representative, and to Class Counsel, would revert to and be kept

by the Insurer. *Id.*, ¶ 6.

   d. <u>Class Notice</u>. The parties have agreed to notify the

Settlement Class about the settlement by sending the notice to the

fax numbers originally targeted with Defendant's fax

transmissions, then by U.S. Mail to the addresses associated with

the fax numbers that don't accept the class notice after three

attempts, and by publishing the notice and claim form on the

Settlement Administrator's website. The notice includes

instructions about opting out, objecting, or submitting a claim

form by fax or mail or electronically to the Settlement

Administrator and includes Class Counsel's direct dial telephone

numbers for people to call with questions. *Id.*, ¶ 9 and Exhibit 2

thereto.

   e. <u>Claims</u>.

    (i) <u>Claim Form</u>. A person must identify

himself/herself/itself as the owner/holder of one or more of

the involved fax numbers on November 6, 2005 (the date of

Defendant's fax advertising campaign) to claim relief as a class member. The class notice includes a simple, one-page claim form for submitting such claims for payment. The claim form is the fourth page of the Notice (Exhibit 1 to the Settlement Agreement). On the claim form a person must affirm that a fax number identified in Defendant' fax broadcaster's records as having been sent one or more advertisements was that person's fax number on November 6, 2005, when the faxes at issue were sent. A person submitting a timely and valid Claim Form will be mailed a payment of the lesser of $500.00 per fax that was sent to that fax number (per the records produced in the Litigation) or a *pro rata* share of the Settlement Fund after the other required payments are subtracted. The claimant need not possess any copy of the fax at issue, need not remember receiving the fax at issue, and need not know anything about Defendant. Rather, the claimant must merely identify himself/herself/itself as a member of the Settlement Class by

verifying ownership of one or more targeted fax numbers on November 6, 2015. *Id.*, ¶ 10 and Exhibit 1 thereto.

      (ii)  <u>Settlement Administrator</u>. Subject to the Court's approval, a company named Class-Settlement.com will be the "Settlement Administrator," and will issue the class notice, maintain the settlement website, assist class members in completing and submitting forms, receive the claim forms and tax identifying information, and provide a list of approved and rejected claims to counsel for the parties. The Settlement Administrator will provide copies of all approved claim forms to counsel for the parties. The parties have agreed to work in good faith to resolve any objection any particular claim (*e.g.*, late submissions, insufficient information, and indicia of fraud), but have agreed that the decision of the Settlement Administrator regarding the validity/approval of claims shall be final and binding. *Id.*, ¶ 7.

      f.  <u>Release</u>. The Settlement Class will release all claims that were brought or which could have been brought in this action

against Defendant and the other released parties about Defendant' advertisements sent by fax on November 5, 2005. *Id.*, ¶ 17.

g.     Attorney's Fees and Costs and Class Representative Award. At the final approval hearing, as indicated in the class notice, Class Counsel will apply to the Court to approve an award of attorney's fees equal to one-third of the Settlement Fund ($750,000.00), plus reasonable out-of-pocket expenses not to exceed $55,000.00. Class Counsel will also ask the Court to approve an award of $10,500.00 to plaintiff, Compressor Manufacturing Corporation, for serving as the Class Representative throughout the Litigation. *Id.*, ¶ 11.

## III.   The Court should preliminarily approve the settlement.

### A.   The proposed settlement is within the range of possible approval.

10.   A district court's review of a proposed class action settlement is typically a two-step process. The first step is to hold a preliminary fairness hearing prior to notifying the class members about the proposed settlement. *Tennessee Ass'n Health Mntce. Orgs. v. Grier,* 262 F.3d 559, 565-66 (6th Cir. 1983). The purpose of that preliminary

10

hearing is to determine whether the proposed settlement is "within range of possible approval." *In re General Motors Corporation Engine Interchange Litigation*, 594 F. 2d 1006, 1124 (7th Cir. 1979). The second step is to hold a final approval hearing after notice to the absent class members, at which time the Court can consider any objections lodged by class members or a government official pursuant to CAFA, before deciding whether to approve the settlement and enter judgment.

### B.    Standard for judicial evaluation and approval.

11.    A court may approve a class action settlement if the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23 (e) (1) (C); *Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007). It is well-established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions. *See Int'l Union,* 477 F.3d at 632 (noting "the federal policy favoring settlement of class actions"). If the court finds that the settlement falls "within the range of possible approval," the court should grant preliminary approval and authorize the parties to notify the class

members about the settlement. *Gautreaux v. Pierce*, 690 F.2d 616, 621

n.3 (7th Cir. 1982).

### C. Factors considered in determining whether a settlement is fair, reasonable, and adequate.

12.    In finally determining whether the settlement is fair,

reasonable, and adequate, the trial court will consider the following

factors: "(1) the risk of fraud or collusion; (2) the complexity, expense

and likely duration of the litigation; (3) the amount of discovery

engaged in by the parties; (4) the likelihood of success on the merits; (5)

the opinions of class counsel and the class representatives; (6) the

reaction of absent class members; and (7) the public interest." *Brent v.*

*Midland Funding, LLC,* 2011 WL 3862363 at *12 (N. D. Ohio 2011),

*citing Int'l Union,* 497 F.3d at 632.

13.    At the preliminary approval stage, "only certain of these

factors are relevant to the fairness inquiry." *Smith v. Ajax Manethermic*

*Corp.,* 2007 WL 3355080 at *6 (N.D. Ohio 2007). "In its preliminary

assessment of the fairness of the proposed settlement, the Court must

take care not to intrude upon the private settlement negotiations of the

parties any more than is necessary to determine that the agreement is

not the result of fraud or collusion, and that it is fair and adequate in light of the potential outcome and the costs of litigation." *Id*.

14.    In this case, these factors show that the proposed settlement is within the range of possible approval and, therefore, that the Court (a) should permit the parties to notify the Settlement Class and (b) should schedule a fairness hearing to determine whether to finally approve the settlement.

15.    The parties' Agreement resulted from arm's-length negotiations between experienced counsel with an understanding of the strengths and weaknesses of their respective positions in this case, and with the assistance of a professional mediator. "[W]hen a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair." *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 351 (N.D. Ohio 2001), *citing Williams v. Vukovich*, 720 F.2d 909, 923 (6th Cir. 1983).

16.    Defendant has agreed to create a settlement fund to resolve the claims about the fax advertisements at issue. Each class member who submits an approved claim will be mailed a check in an amount of the lesser of $500.00 per fax of Defendant sent to them, or a *pro rata*

13

share of the Settlement Fund after subtracting the other agreed payments for fees, expenses, and an incentive award to Plaintiff.

17.   Class members who submit claims are likely to recover their full statutory damages by returning a simple claim form. Without the settlement, the Class might not prevail or recover at all.

18.   Class action litigation is time consuming in terms of both pretrial and trial work. "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *Brent,* 2011 WL 3862363 at \*16, *quoting In re Austrian and German Bank Holocaust Litig.,* 80 F. Supp. 2d 164, 174 (S. D. N. Y. 2000).

19.   This case is no exception. Defendant has denied liability and says it (and the Insurer) agreed to settle only to avoid the distraction and expense of defending protracted litigation and exposure to higher liability. There are risks attendant to further litigation in this matter, and substantial delay and expense. The decision to settle is reasonable considering the risks of continued litigation. This was a hard-fought case that already involved one appeal (Docs. 21 & 23) (plus an unsuccessful attempt by Defendant to appeal the Court's ruling denying

14

Defendant's motion to stay to the Sixth Circuit) with clear indication that the remaining litigation would remain contentious. Then, the parties would likely litigate one or more appeals after the litigation in the district court level concluded. In addition to the risk of losing, continued litigation would delay the class members' receipt of any recovery.

20.    The TCPA gives private citizens a right to sue to (i) enjoin future transmissions, (ii) recover the greater of actual monetary damages or $500 in damages for each junk fax, or (iii) obtain an injunction plus damages. If a court finds that the sender willfully or knowingly violated the TCPA, it may increase the award up to three times the amount of damages. Here, each class member who does not opt-out of this proposed settlement and who submits a timely and valid claim form will be mailed a check for $500.00 per fax Defendant sent their fax number(s), subject to possible reduction, and has agreed to pay the attorneys' fees and expenses of Class Counsel for conferring that benefit upon each class member.

21.    Plaintiff's attorneys believe this settlement is fair, reasonable, and adequate. Plaintiff's attorneys have litigated TCPA

class actions since 2003. The Court appointed them class counsel in this case, and other courts have appointed them class counsel in TCPA cases, as well as in other types of class actions. *See, e.g., American Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, Case No. 09-cv-1162 (W.D. Mich.), *affirmed by* 757 F.3d 540 (6th Cir. 2014); *Avio, Inc. v. Alfoccino, Inc.*, Case No. 10-CV-10221 (E.D. Mich.); *APB Associates, Inc. v. Bronco's Saloon, Inc., et al.*, Case No. 09-CV-14959 (E.D. Mich.); *Compressors Engineering Corp. v. Manufacturers Financial Corp. et al.*, Case No. 09-CV-14444 (E.D. Mich.); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich.); *Compressors Engineering Corp. v. Thomas*, Case No. 10-CV-10059 (E.D. Mich.); *Imhoff Investments, LLC v. Sammichaels, Inc.* Case No. 10-CV-10996 (E.D. Mich.); *Van Sweden v. 101 VT, Inc.*, Case No. 10-CV-253 (W.D. Mich). *See also Hawk Valley v. Taylor*, Case No. 10-CV-804 (E.D. Pa.); *Hinman v. M&M Rental, Inc.*, Case No. 06-CV-1156 (N.D. Ill.); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 08-CV-5953 (N.D. Ill.). Additionally, Plaintiff's counsel have successfully negotiated numerous class-wide settlements in TCPA cases.

22.    Based upon the foregoing, and the judgment of experienced

class counsel, Plaintiff requests that the Court preliminarily approve

the settlement.

**IV.  At final approval, Class Counsel will ask the Court to approve
Defendant and the Insurer's agreement to pay Class Counsel's
fees and expenses, and an award to Plaintiff, pursuant to the
Agreement.**

23.    At final approval, Class Counsel will request that the Court

approve Defendant' agreement to pay them attorneys' fees equal to one-

third of the Settlement Fund.

24.    It is well recognized that the attorneys' contingent risk is an

important factor in determining the fee award. *Ramey v. Cincinnati

Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974); *Florin v.

Nationsbank of Georgia, N.A.*, 34 F.3d 560, 565 (7th Cir. 1994). The

attorneys who create a benefit for the class members are entitled to

compensation for their services. *Brent,* 2011 WL 3862363 at *19.

25.    Here, Class Counsel's request for one-third of the settlement

fund is within the market rate for TCPA cases. *See, e.g., Avio Inc. v.

Creative Office Solutions, Inc.*, 10-cv-10622 (E.D. Mich. Dec. 10, 2012)

(Roberts, J.) (Doc. 31) (awarding one third of fund); *Imhoff Investment,

LLC v. Sammichaels, Inc.*, Case No. 10-cv-10996 (E.D. Mich. Nov. 2,

2016) (Battani, J.) (Doc. 120) (same); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich. Apr. 15, 2015) (Tarnow, J.) (Doc. 90) (same); *American Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, Case No. 09-cv-1162 (W.D. Mich. Mar. 1, 2016) (Doc. 278) (same); *Van Sweden, Inc. v. 101 VT, Inc.*, Case No. 10-cv-253 (W.D. Mich. July 30, 2015) (Doc. 245) (same); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, Case No. 12-cv-2257 (N.D. Ohio Feb. 9, 2016) (Doc. 73) (same); *Hawk Valley, Inc. v. Taylor*, Case No. 10-cv-804 (E.D. Pa. Aug. 6, 2015) (Doc. 193) (same); *Sandusky Wellness Center, LLC v. Heel, Inc.*, 12-cv-1470 (N.D. Ohio Apr. 25, 2014) (Doc. 95) (same); *The Savanna Group, Inc. v. Trynex, Inc.*, Case No. 10-CV-7995 (N.D. Ill. Mar. 4, 2014) (Doc. 243) (same); *Sawyer v. Atlas Heating and Sheet Metal Works, Inc.*, Case No. 10-cv-331 (E.D. Wis. July 19, 2013) (Doc. 59) (35% of fund); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 08 C 5953 (N.D. Ill. Nov. 1, 2010) (Doc. 146) (same); *Saf-T-Gard International, Inc. v. Seiko Corp. of America*, No. 09 C 0776 (N.D. Ill. Jan. 14, 2011) (Doc. 100) (same).

26.     Defendant and their Insurer have agreed to pay Class Counsel one-third of the Settlement Fund as attorneys' fees, and also to

pay their reasonable litigation costs and expenses. Class Counsel

undertook this case on a contingency basis and achieved an excellent

result in a fair and efficient manner.

27.    Obviously, the purpose of a class action lawsuit is to provide

a benefit to class members, not to litigate for the sake of litigating.

Class Counsel delivered significant benefits to the Settlement Class in

the face of numerous potentially fatal obstacles. Tested by the potential

infirmities of the case itself, there is little doubt that Class Counsel

undertook a significant risk here and the fee award should reflect that

risk. Class Counsel faced a significant risk of nonpayment, not only for

their time but also for their out-of-pocket costs.

28.    The Class Notice informs the Settlement Class about the

agreed and requested attorneys' fees and expenses, so that if any class

member wishes to object he/she/it can do so.

29.    If the Court finds that the settlement is fair, reasonable, and

adequate, then Class Counsel will ask the Court to approve the

payment of fees to Class Counsel in an amount equal to one-third of the

Settlement Fund, plus out of pocket litigation expenses.

30.   At final approval, Class Counsel will also request that the Court approve Defendant' payment to Plaintiff in the amount of $10,500.00 from the Settlement Fund for serving as the class representative.

31.   Such awards are appropriate to reward class representatives who have pursued claims on behalf of the class. *Moulton v. U. S. Steel Corp.,* 581 F. 3d 344, 351-52 (6th Cir. 2009); *In re Continental Illinois Securities Litig.,* 962 F.2d 566, 571-72 (7th Cir. 1992). "In deciding whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *See Cook v. Niedert, et al.,* 142 F.3d 1004, 1016 (7th Cir. 1998).

32.   Plaintiff was a catalyst for the Settlement Class's recovery. Plaintiff filed and pursued the action. Plaintiff responded to discovery and stayed involved and informed. Its efforts greatly benefited the Settlement Class. Class Counsel will request that the Court award Plaintiff a payment of $10,500.00 for its efforts on behalf of the class.

Other courts have approved similar awards in TCPA cases. *See, e.g., Imhoff Investment, LLC v. Sammichaels, Inc.*, Case No. 10-cv-10996 (E.D. Mich. Nov. 2, 2016) (Doc. 120) ($15,000.00); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, Case No. 12-cv-2257 (N.D. Ohio Feb. 9, 2016) (Doc. 73) (same); *Hawk Valley, Inc. v. Taylor*, Case No. 10-cv-804 (E.D. Pa. Aug. 6, 2015) (Doc. 193) (same); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich. Apr. 15, 2015) (Doc. 90) (same); *Sandusky Wellness Center, LLC v. Heel, Inc.*, 12-cv-1470 (N.D. Ohio Apr. 25, 2014) (Doc. 95) (same); *The Savanna Group, Inc. v. Trynex, Inc.*, Case No. 10-CV-7995 (N.D. Ill. Mar. 4, 2014) (Doc. 243) (same).

## V.   The Court should approve notice to the Settlement Class.

33.   The parties propose to issue notice to the Settlement Class by facsimile, and by U.S. Mail to class members to whom facsimile notice is unsuccessful. Additionally, both the Notice and Claim Form will be available on the Settlement Administrator's website. A copy of the proposed notice is attached as Exhibit 1 to the Agreement.

34.   Under federal law, notice of the settlement must satisfy due process. *Maher v. Zapata Corp.*, 714 F. 2d 436, 450-453 (5th Cir. 1983);

*Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F. 2d 956, 963 (3d Cir. 1983). The Court is vested with wide discretion both as to the way notice is given and its content. 7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005).

35.     Rule 23 (e) (i) (B) requires that notice of a settlement be provided "in a reasonable manner." Here, the parties have agreed to a reasonable manner of notice by sending it to the fax numbers at issue in the case, and, where a fax notice fails, to the names and addresses Plaintiff's expert identified with those particular fax numbers in the fax broadcaster's database. The simple, one-page claim form will be delivered with the notice, so that members of the Settlement Class may complete a claim form and return it immediately by fax, mail, or electronic upload to the Settlement Administrator. The notice and the claim form were written with the goals of clarity and encouraging claims by class members.

36.     The contents of the notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney

if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23 (c) (3)." Here, the notice satisfies these requirements.

37.    The notice meets the legal standards for appropriate notice and satisfies Rule 23 (e). Therefore, the Court should approve the proposed notice and authorize its dissemination to the Class.

## VI.    The Court should schedule a final fairness hearing.

38.    Plaintiff requests that the Court schedule a hearing to determine whether the settlement should be finally approved. A proposed Final Approval of Agreement and Judgment is attached as Exhibit 3 to the Agreement.

## VII.    Conclusion.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Preliminary Approval Order in the form attached as Exhibit 1 to the Agreement, granting preliminary approval of the proposed settlement, directing that the members of the Settlement Class be notified about the proposed settlement in the form and manner agreed by the parties

(Exhibit 2 to the Agreement), and setting dates for opt-outs, objections, and a final approval hearing. The final approval hearing should be on a date no sooner than 90 days after the government officials receive the notice required by CAFA.

Respectfully submitted,

Compressor Engineering Corp., on behalf of itself and the certified class

By: s/ Phillip A. Bock
     One of their attorneys

Jason Thompson
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield. MI 48076
Telephone: (248) 415-3206
Facsimile: (248) 746-4001

Phillip A. Bock
Tod A. Lewis
David M. Oppenheim
BOCK, HATCH, LEWIS &
OPPENHEIM, LLC
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

24

## <u>CERTIFICATE OF E-FILING AND SERVICE</u>

I hereby certify that on January 5, 2018, I electronically filed the foregoing using the Court's CM/ECF System, which will send notification of such filing to all counsel of record.

<u>s/ Phillip A. Bock</u>